GEORGE B. RENDON V. STATE

No. 32,696. December 27, 1960

Motion for Rehearing Overruled February 8, 1961

*Daugherty, Bruner, Kelsoe and Thorp,* by *Samuel E. Daugherty,* Dallas 1, for appellant.

*Henry Wade,* Criminal District Attorney, *Jim Foreman, Paul Leech, Phil Burleson, Jack Pevehouse,* Assistants Criminal District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Presiding Judge.

The offense is aggravated assault; the punishment, 4 months in jail.

The complaint and information first alleged that appellant, on or about October 15, 1958, did with a pistol, a deadly weapon, commit an aggravated assault upon the person of one Clarence Judkins.

Next the complaint and information contained a form for alleging an aggravated assault by which serious bodily injuries were inflicted. The form was not filled out.

The last portion of the complaint and information alleged a simple assault by appellant upon Clarence Judkins on or about October 15, 1958.

The court's charge submitted the law of aggravated assault with a deadly weapon, withdrew "the third count of the information alleging simple assault," and ignored the intervening form for a count on assault resulting in the infliction of a serious bodily injury.

Clarence Judkins testified that appellant shot at him with a pistol as they drove by each other on a public street, and presented a pistol and threatened to shoot him a short time later.

Appellant denied having shot at or assaulted Clarence Judkins, and testified that he was at home at the time in question.

Appellant's first ground for reversal relates to the cross-examination of appellant regarding collateral offenses not involving moral turpitude.

550

In view of appellant having testified on direct examination that he had never ben in trouble with anyone, and of the fact that much of the testimony complained of was admitted without objection, no reversible error appears.

A witness, asked whether or not he brought any pictures to the complaining witness, answered that he took several "mug shots," among them being one of appellant.

The trial judge sustained the objection to this testimony "about mug shots." We see no error.

Appellant's complaint as to the information may best be appraised in the light of the court's qualification to his bill of exception No. 2:

"No objection was made to the court's charge.

"The information was on a printed form containing three counts, the first being for aggravated assault with a deadly weapon; the next count was aggravated assault by the infliction of serious bodily injury, this count not being filled out; and that last or third count being simple assault. Only the first count and the last count were read to the jury and the information was not exhibited to the jury."

The jury resolved the fact issues against appellant and there is sufficient evidence to sustain its verdict.

The judgment is affirmed.