Amador A. VALERIO, Appellant,

v.

The STATE of Texas, Appellee.

No. 46145.

Court of Criminal Appeals of Texas.

May 30, 1973.

**894**

Will Gray, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, Rick Stover, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for possession of heroin. Punishment was assessed by the jury at 40 years.

Appellant's first three contentions are directed to the admission of appellant's oral confession which led to the discovery of the contraband.

■ Appellant urges that the State failed to prove beyond a reasonable doubt that the arresting officers complied with the requirements of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.[1] He argues that the court erred in basing a determination of the admissibility of the oral confession upon the hearsay evidence contained on a card furnished the officer by the prosecutor, and that the court was in error in permitting the officer to read into evidence the warning from a card which was admittedly not the same card used by him to give appellant a Miranda type warning.

Officer B. W. Halm, of the Houston Police Department, testified that on the afternoon of October 10, 1969, he received a call from an informer, which call resulted in appellant's arrest. Out of the jury's presence, Halm testified that he had known the informer for two and one half years; that on several occasions during that period, he had received information from him which had always proved to be true. On two occasions information from the informer had resulted in the filing of charges, and he therefore believed the informer to be a reliable and credible person. Halm further testified that the informer told him that appellant would soon be leaving his home with a quantity of heroin, and that he had seen the heroin at that location. Halm knew appellant by sight, knew of appellant's reputation, and he testified that he thought the time insufficient to obtain a search warrant or arrest warrant.

---

1. Article 38.22(e), Vernon's Ann.C.C.P., provides for the admissibility of oral confessions where "It be made orally and the defendant makes a statement of facts or circumstances that are found to be true, which conduce to establish guilt, such as the finding of secreted or stolen property, or the instrument with which he states the offense was committed."

Even though the statute does not require a warning prior to giving of oral confession, the lack of such requirement does not affect the applicability of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, to oral confessions resulting from custodial interrogation. Noble v. State, Tex.Cr.App., 478 S.W.2d 83.

Halm and his partner immediately drove to appellant's home, and after watching the premises from their unmarked car for about five minutes, they observed appellant walk out the front door. The officers converged on appellant and found in his hand two prophylactics containing a white powder, and in his pocket, they found five hand-rolled cigarettes made of a green, leafy substance.

Halm then warned appellant of his constitutional rights, reading to appellant from a blue card. The officers then asked appellant if he had any more "stuff," to which he replied, "Yes, I have some more in the house." Appellant then proceeded to lead the officers to several spots within the house in which more of the green, leafy substance was concealed. Again the officers asked if he had any more, and appellant stated that he had heroin in the trunk of his car, and he then proceeded to lead them outside to an automobile parked on the lawn, and he removed from it a quantity of white powder.

Floyd McDonald, chemist and toxicologist for the Houston Police Department, testified that the green, leafy substance was marihuana; that the white powder in the prophylactics and other containers was heroin, and that there was enough heroin in all to make 45,000 capsules.

Officer Halm testified that he did not have with him at the trial the "blue card" he read from in warning appellant, but he identified another card as being identical to the one he used and read the contents of same into evidence. Halm testified he gave appellant the following warning:

"One: You have the right to have a lawyer present to advise you either prior to any questioning or during any questioning. Two: If you are unable to employ a lawyer you have the right to have a lawyer appointed to counsel with you prior to or during any questioning, and three: you have the right to remain silent and not make any statement at all and that any statement you make may

and probably will be used in evidence against you at your trial. Four: You have the right to terminate the interview at any time."

Halm stated that appellant told him he understood the warning.

■ We cannot agree that the warning read into evidence was inadmissible as hearsay.

"Hearsay evidence is testimony, in court, or written evidence, of a statement made out of court, the statement being offered as an assertion to show the truth of matters asserted therein, and thus resting for its value upon the credibility of the out-of-court asserter." McCormick, Evidence, 2d ed. Sec. 246 at 584.

The officer, in the instant case, was testifying as to an out-of-court statement made in the presence of appellant. The purpose of the testimony and the reading of the warning was to show that a legally sufficient warning was given. The warning was not introduced to prove the truth of the statements found therein, i. e., that an accused has a right to remain silent, has the right to assistance of counsel. . . . The warning was introduced to prove that appellant was put on notice of his rights.

"When it is proved that D made a statement to x, with the purpose of showing the probable state of mind thereby induced in x, such as being put on notice or having knowledge, or motive, or to show the information which x had as bearing on the reasonableness or good faith of the subsequent conduct of x, or anxiety, the evidence is not subject to attack as hearsay." McCormick, Evidence, 2d ed. Sec. 249, at 389. See 6 Wigmore, Evidence, Sec. 1789.

■ We find no merit in appellant's contention that the court erred in allowing the witness Halm to read from a "blue card" when such card was not the one used by him in giving appellant a warning as to his rights. It is not the card that is the evidence, but the warning that was given

appellant at the time in question. See Armstrong v. State, Tex.Cr.App., 476 S. W.2d 703.

■ The court found that the evidence established beyond a reasonable doubt[2] that the confession was voluntarily made, the court making findings which reflect compliance with Article 38.22, V.A.C.C.P. and Miranda v. Arizona, supra. Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908. Further, the court instructed the jury on the law governing admissibility of oral confessions.

■ The testimony of Halm relative to the warning given appellant was uncontroverted. We find the evidence supports the findings of the court and jury that the State proved beyond a reasonable doubt the voluntariness of the confession.

Appellant contends that his arrest was not based upon probable cause, and the drugs admitted into evidence, over his objection, were the fruits of an illegal arrest.

■ The facts surrounding the arrest and search, in the instant case, are similar to the facts in Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959); Harris v. State, Tex.Cr.App., 486 S.W.2d 88; Almendarez v. State, Tex.Cr. App., 460 S.W.2d 921; United States v. Drew, 436 F.2d 529 (5th Cir. 1970). In each case, the suspect was identified with sufficient detail to permit location. Each informant had a tested period of reliability. Each suspect was located at the exact place, in the exact manner and during the time designated. In the instant case, the officer testified that he had known the informer for about two and a half years, and that he had provided him with information before, and on all occasions the information proved to be true and on two occasions had resulted in the filing of charges.

The informant advised Officer Halm that the appellant would be leaving home in a short time to dispose of some heroin. Unlike Draper, Harris, Almendarez and Drew, the informer in the instant case advised the officer that he had seen heroin in appellant's possession. The officers believing that they did not have time to secure a warrant departed for appellant's home immediately after receiving the tip from the informant. It took the officers thirty-five minutes to reach appellant's house, and within five minutes after their arrival, appellant was observed coming out of his front door. Appellant was stopped about ten feet from his car and in his hand were two prophylactics containing a substance later determined to be heroin. A search of his person revealed five marihuana cigarettes. The location of appellant and the fact that he would be leaving were details supplied by the informer and verified by the officer's surveillance. Thus, there was probable cause to believe that the remaining bit of information relative to his leaving to dispose of some heroin would likewise be true. Appellant's reliance on Stoddard v. State, Tex.Cr.App., 475 S.W.2d 744, is misplaced in that there were exigent circumstances existing in the present case which did not exist in Stoddard. If the officers had taken time to secure a warrant in the instant case, appellant could have departed the locality or jurisdiction in his vehicle or destroyed the contraband. Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543; Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879. We find that under the facts and circumstances, in the present case, there was probable cause to believe that appellant had heroin in his possession.

Appellant argues in his fifth through eighth contentions that, even if there was

2. In its findings and conclusions relative to the admission of appellant's confession, the burden of proof used by the trial court was "beyond a reasonable doubt." In Lego v. Twomey, 404 U.S. 477, 92 S.Ct. 619, 30 L.Ed.2d 618, the Supreme Court held that determining the admissibility of a confession by a preponderance of the evidence is not inconsistent with the mandate of In Re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368. The States were left free to adopt a higher standard. Nash v. State, Tex.Cr.App., 477 S.W.2d 557, n. 6.

probable cause for the arrest, the following search of the premises and the automobile was beyond the scope of a lawful search incident to an arrest as set forth in Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). Appellant contends that the ensuing search cannot be validated on grounds of consent because the State failed to prove that he waived his Fourth Amendment rights under Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L. Ed. 1461 (1938) and Bumper v. North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L. Ed.2d 797 (1968).

When the State seeks to justify warrantless searches and seizures upon the consent of an accused, the State has the burden of proof by clear and convincing evidence that the consent was freely and voluntarily given. Bumper v. North Carolina, supra; Paprskar v. State, Tex.Cr. App., 484 S.W.2d 731. This is so because waiver of a constitutional right may occur only by "an intentional relinquishment or abandonment of a known right or privilege." Johnson v. Zerbst, supra. Appellant introduced no evidence as to force, threats, coercion or other influence exerted upon him to obtain his consent for seizure of the heroin.

The evidence is undisputed that appellant personally led the officers to several places in his house and automobile in which heroin and marihuana were found. It was only after appellant admitted having heroin that the additional evidence was found, and appellant himself produced the narcotics for the officers. In so doing, appellant unlocked his house and the trunk of his automobile. That he was under arrest at the time does not vitiate the consent, provided it was freely and voluntarily given. Weatherly v. State, Tex.Cr.App., 477 S.W.2d 572; Brown v. State, Tex.Cr.App., 443 S.W.2d 261; Henderson v. State, 172 Tex.Cr.R. 75, 353 S.W.2d 226. Appellant further urges that the officers should have warned him of his right to refuse to consent to the search and seizure. This Court

has held such a warning is not necessary, Clark v. State, Tex.Cr.App., 483 S.W.2d 465, although it would be good police practice to give it. *See* DeVoyle v. State, Tex.Cr.App., 471 S.W.2d 77; Cole v. State, Tex.Cr.App., 484 S.W.2d 779.

From the uncontroverted evidence of appellant's consent and cooperation with the officers plus the utter absence of evidence of force, threats, display of weapons or other coercive elements, we must conclude that the State sustained its burden of proving free and voluntary consent to the search and seizure. Appellant's fifth through eighth contentions are rejected.

In appellant's final contention, it is urged that the court erred in refusing to grant a mistrial after the prosecutor asked a "prejudicial and inflammatory" question of appellant at the punishment stage of the trial.

Appellant testified in his own behalf at the punishment stage of the trial and denied that he possessed heroin at the time in question and stated that the officers were lying when they testified about his having possessed the heroin. Appellant further testified that he had never used heroin. After the prosecutor directed appellant's attention to his testimony on direct that he hadn't had anything to do with narcotic drugs since his arrest in 1969, the record reflects the following occurred:

"Q. I assume by that you were messing around with it before this happened?

"A. No, Sir.

"Q. Isn't it a fact, Amador, that for at least a year prior to the time you were arrested you were one of the biggest narcotic dealers in the City of Houston.

"A. No, Sir."

Appellant's objection to the last question was sustained and, pursuant to his request, the jury was instructed not to consider it.

Appellant's motion for mistrial was overruled and it is the court's action in denying such motion that constitutes the basis for this contention.

On direct examination, appellant testified that he understood the provisions of the adult probation law, and that, if given probation, he would be capable of complying with the requirements of probation.

 In Davis v. State, Tex.Cr.App., 478 S.W.2d 958, it was stated:

"When an accused voluntarily takes the stand in his own behalf, he may be contradicted, impeached, bolstered, or attacked just as any other witness, except where the law forbids certain matters to be used against him. e. g. Webber v. State, Tex.Cr.App., 472 S.W.2d 136; Santiago v. State, Tex.Cr.App., 444 S.W.2d 758.

"While the general rule is that specific acts of misconduct by the accused which have not resulted in final convictions cannot be admitted, this court has been reluctant to exclude legally admissible evidence which is relevant to a fair determination of an accused's application for probation. Allaben v. State, Tex.Cr.App., 418 S.W.2d 517; Santiago v. State, supra. See also, Rendon v. State, 170 Tex.Cr.R. 548, 342 S.W.2d 317; Ward v. State, 160 Tex.Cr.R. 232, 268 S.W.2d 465.

"In the instant case, appellant testified that, although he had aided Johnson in the commission of the robbery, he had done so only because he was a victim of circumstances and that he had accompanied Johnson unaware that a crime was to be committed. Under such circumstances, we perceive no error in the state attempting to discredit the defensive theory in mitigation of punishment and to impeach appellant by introducing evidence of the extraneous offense." See also Hamilton v. State, Tex.Cr.App., 480 S.W.2d 685; McCrea v. State, Tex.Cr. App., 494 S.W.2d 821 (1973).

 Appellant's denial that he possessed heroin at the time in question or that he was "messing around with it before this happened" opened the door for the State to discredit appellant. In view of the evidence concerning the great quantity of heroin possessed by appellant at the time in question, we perceive no reversible error in the complained of question.

Further, the lack of bad faith in asking the question was shown by the prosecutor's testimony outside of the presence of the jury in which he stated that he had been told by two police officers that appellant was one of the largest narcotic dealers in Houston. In addition, the prosecutor testified that the seizure of heroin in this case was one of the "biggest seizures of heroin in the City of Houston during that period of time."

The judgment is affirmed.

Opinion approved by the Court.