**Robert Eugene LANDGRAFF, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–87–00019–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 12, 1987.

Rehearing Denied Dec. 3, 1987.

**578**

Mark A. Goldberg, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Winston E. Cochran, Jr., Dianne Wanger, Harris County Asst. Dist. Atty., Houston, for appellee.

Before WARREN, COHEN and DUNN, JJ.

## OPINION

DUNN, Justice.

A jury convicted appellant of driving while intoxicated and assessed punishment at 90 days in the Harris County Jail.

In point of error one, appellant argues that the trial court's refusal to authorize funds for an expert investigator was reversible error, and that it denied him his constitutional right to effective assistance of counsel.

■ Prior to trial, appellant's court-appointed attorney filed a motion for an investigator, requesting funds to hire an expert investigator. The only explanation given was that "the nature and facts of this case are such that an expert investigator would greatly assist appointed counsel in the preparation and trial of defendant's cause." The motion was denied. At trial, after both parties had rested, appellant once again made a motion for an investigator. After the court denied his motion, appellant made an offer of proof, where, for the first time, he indicated that he wanted the funds to pay an expert witness to testify about the inaccuracy of the intoxilyzer test.

Because appellant failed to make clear to the court what he was requesting and the grounds for his request, either in his filed motion or at an appropriate time during trial, prior to a ruling by the court, the grounds presented here were not preserved for appeal. *See Thomas v. State,* 723 S.W. 2d 696, 700–01 (Tex.Crim.App.1986) (trial court must have been aware of grounds for objection to preserve the complaint for appeal).

Point of error one is overruled.

In point of error two, appellant argues that his conviction should be reversed because his breath specimen was obtained in violation of Tex.Rev.Civ.Stat. art. 6701*l* –5, secs. 2(b) & (c) (Vernon Supp.1987), requiring written warnings be given an accused. The results of the intoxilyzer test, voluntarily taken by appellant, were admitted at trial over appellant's objection.

The pertinent sections of article 6701*l* –5, section 2 read:

(b) Before requesting a person to give a specimen, the officer shall inform the person orally and in writing that if the

person refuses to give the specimen, that refusal may be admissible in subsequent prosecution, and that this person's license, permit, or privilege to operate a motor vehicle will be automatically suspended for 90 days ...

(c) The officer shall provide the person with a written statement containing the information required by Subsection (b) of this section. If the person refuses the request of the officer to give a specimen, the officer shall request the person to sign a statement that the officer requested that he give a specimen, that he was informed of the consequences of not giving a specimen, and that he refused to give a specimen.

In the only published case challenging the admissibility of intoxilyzer results based on non-compliance with the required warnings, the 12th Court of Appeals refused to construe article 6701*l*–5 as requiring proof of the written warnings as a predicate to the introduction of voluntarily taken breath test results. *Hogue v. State,* No. 12–86–0018–CR (Tex. App.—Tyler, March 16, 1987) (not yet reported).

■ Appellant supports his argument with an analogy to the warnings required by *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1965) and article 38.22 of the Texas Code of Criminal Procedure, which must be given in order that evidence be admissible in court. There is no merit to appellant's analogy for two reasons. First, unlike 6701*l*–5, *Miranda* and article 38.22 both clearly prohibit admission of evidence obtained without the required warnings being given. *Miranda,* 384 U.S. at 444, 86 S.Ct. at 1612; Tex.Code Crim.P.Ann. art. 38.22, sec. 2 (Vernon 1979). Second, unlike 6701*l*–5, the purpose of Miranda [and likewise article 38.22] is to protect a defendant's constitutional privilege against self-incrimination. *McCambridge v. State,* 712 S.W.2d 499, 506 (Tex. Crim.App.1986) (citing *Moran v. Burbine,* 475 U.S. 412, 106 S.Ct. 1135, 1143, 89 L.Ed. 2d 410 (1986)). Compulsory incrimination protected by the privilege is limited to only "testimonial communication," *Schmerber v.*

*California,* 384 U.S. 757, 764, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966), and does not include compulsory provision of breath samples for determination of alcohol concentration in the body. *Rodriquez v. State,* 631 S.W.2d 515, 517 (Tex.Crim.App. 1982). To the contrary, as this Court stated in *McCambridge,* any person who operates a motor vehicle on public highways and is arrested for DWI is statutorily deemed to have consented to such taking of blood or breath specimen. 698 S.W.2d 390, 393 (Tex.App.—Houston [1st Dist.] 1985) (discussing Tex.Rev.Civ.Stat.Ann. art. 6701*l*–5, sec. 1), *remanded on other grounds,* 712 S.W.2d 499 (Tex.Crim.App. 1986).

■ We agree with the *Hogue* court that proof of the written warnings, which all pertain to the consequences of an accused's refusal to give a specimen, is not required for admission of results of a breath test voluntarily taken.

Point of error two is overruled.

The judgment of the trial court is affirmed.

WARREN and COHEN, JJ., also participating.