Bruce Allen NEBES, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–87–00018–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 24, 1987.

Rehearing Denied Jan. 28, 1988.

Allen C. Isbell, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Carol M. Cameron, and Gilbert Alvarado, Harris County Asst. Dist. Attys., Houston, for appellee.

Before JACK SMITH, LEVY and HOYT, JJ.

## OPINION

HOYT, Justice.

This is an appeal from a conviction for the misdemeanor offense of driving while intoxicated ("D.W.I."). A jury found the appellant guilty, and the court assessed punishment at 180 days confinement, probated for a period of 2 years, and a fine of $400.

The facts show that on April 13, 1986, at about 2:35 a.m., Officer Samuel Orta of the Texas Department of Public Safety observed the appellant driving a motorcycle on FM 1960, in Harris County, Texas. When the appellant weaved and ran a red light, Officer Orta activated his emergency equipment and stopped the appellant. Officer Orta suspected that the appellant was intoxicated because the appellant had difficulty standing and had a strong odor of alcoholic beverage on his breath. The appellant admitted to drinking five or six beers, and he was taken to the police station where he consented to give a breath specimen. The results of the breath test showed that the appellant had an alcohol concentration of 0.15.

In two points of error, the appellant contends that the trial court erred in admitting: (1) testimony of Officer Orta; and (2) evidence as to the result of the breathalyz-

er test over his objection that the officer did not provide him with a written copy of the statutory warning required by Tex.Rev. Civ.Stat.Ann. art. 6701$l$–5, § 2(b) & 2(c) (Vernon Supp.1987) (popularly known as "D.W.I. statutory warning").

Article 6701$l$–5 states in pertinent parts as follows:

**Art. 6701$l$–5. Specimens of breath or blood; implied consent; evidence**

**Consent to taking of specimens**

Section 1. Any person who operates a motor vehicle upon the public highways or upon a public beach in this state shall be deemed to have given consent, subject to the provisions of this Act, to submit to the taking of one or more specimens of his breath or blood for the purpose of analysis to determine the alcohol concentration or the presence in his body of a controlled substance or drug. . . . Any person so arrested may consent to the giving of any other type of specimen to determine his alcohol concentration, but he shall not be deemed, solely on the basis of his operation of a motor vehicle upon the public highways or upon a public beach in this state, to have given consent to give any type of specimen other than a specimen of his breath or blood.

\*     \*     \*     \*     \*     \*

Sec. 2. (a) Except as provided by Subsection (i) of Section 3 of this Act, if a person under arrest refuses, upon the request of a peace officer, to give a specimen designated by the peace officer as provided in Section 1, none shall be taken.

(b) Before requesting a person to give a specimen, the officer shall inform the person orally and in writing that if the person refuses to give the specimen, that refusal may be admissible in a subsequent prosecution. . . .

(c) The officer shall provide the person with a written statement containing the information required by Subsection (b) of this section. . . .

Officer Orta testified that he took the appellant to the station, gave him the statu-

tory warning under art. 6701$l$–5 before the breathalyzer test was administered, and then videotaped him. The videotape contained an admission by the appellant that: (1) he was given the D.W.I. statutory warning; and (2) he took the breathalyzer test of his own free will. The officer testified that he not only read the statutory warning to the appellant, he also gave him a copy of the warning. Although the officer had no independent recollection of giving the appellant a copy of the written warning, he believed that he did so because he always followed his habit of reading the warning, giving a copy to the suspect, and then administering the test. The appellant denied receiving a copy of the warning but acknowledged receiving and understanding the oral warning given to him by Orta.

The appellant filed a motion to suppress, which raised the issues of whether the officer gave him an oral as well as a written D.W.I. statutory warning regarding consent to take breathalyzer test and whether the officer complied with the 15–minute observation period an officer must give before taking an breathalyzer test. His motion was denied, and no point of error challenging the denial has been raised.

■ We have reviewed art. 6701$l$–5, § 2(b) and 2(c) and conclude that they were enacted to provide constitutional safeguards in suspension of a driver's license cases. ¨Although a driver's license is merely a privilege, once the license is issued, proper constitutional safeguards must be observed in the license revocation proceeding. A careful reading of these sections shows that their underlying purpose is to ensure that a person who refuses to give a requested specimen does so with a full understanding of the consequences. Because a person who consents to the taking of a test suffers no penalty under art. 6701$l$–5, we fail to see what injury the appellant suffered by any failure to hand-deliver a copy of the D.W.I. statutory warning.

■ The appellant took the stand both at the hearing for his motion to suppress and during the trial, but he failed to testify

at either instance that he did not voluntarily consent to taking the breathalyzer test. Consent, however, is presumed under art. 6701*l*–5, § 1. *McCambridge v. State*, 698 S.W.2d 390, 393 (Tex.App.—Houston [1st Dist.] 1985), *remanded on other grounds*, 712 S.W.2d 499 (Tex.Crim.App.1986). Any person who operates a motor vehicle on a public highway in Texas is deemed to have given his consent to a chemical test of his breath if he is arrested for an offense allegedly committed while he was driving a motor vehicle under the influence of intoxicating liquor. *Rodriguez v. State*, 631 S.W.2d 515, 516 (Tex.Crim.App.1982). It follows, therefore, that by operating a motor vehicle upon a public highway in Texas, the appellant consented to taking the breathalyzer test. *Id.*

Aside from the statutory presumption, the evidence is uncontroverted that the appellant voluntarily consented to the breath test. He admitted that the statutory warning was read to him and that he understood it. His only contention is that a copy of the warning was not handed to him. This contention by the appellant was directly controverted by the testimony of Officer Orta.

We conclude that proof of the statutory written warnings, which all pertain to the consequences of an accused's refusal to give a specimen, is not required for admission of results of a breath test voluntarily taken. *See Landgraff v. State*, 740 S.W.2d 577 (Tex.App.—Houston [1st Dist.] 1987). We hold that while evidence must show that warnings provided in art. 6701*l*–5(2)(b) & (2)(c) were given to the accused prior to the introduction of evidence of his *refusal* to submit to a breath test, we do not construe art. 6701*l*–5 as requiring proof that written warnings be delivered to the accused as a predicate to the admissibility of a *voluntarily* taken breath test.

The appellant's points of error are overruled, and the judgment of the trial court is affirmed.