TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00056-CR







William Earl Lane, Appellant



v.



The State of Texas, Appellee






FROM THE COUNTY COURT AT LAW NO. 2 OF BELL COUNTY


NO. 2C96-0315, HONORABLE JOHN BARINA, JUDGE PRESIDING






PER CURIAM

The county court at law found appellant guilty of driving while intoxicated and assessed
punishment at incarceration for ninety days and a $500 fine, after which it suspended imposition of sentence
and placed appellant on community supervision. Tex. Penal Code Ann. § 49.04 (West 1994 & Supp.
1997). In his only point of error, appellant contends the court erred by overruling his motion to suppress
the result of a breath test for alcohol concentration. See Tex. Code Crim. Proc. Ann. art. 38.23(a) (West
Supp. 1997) (evidence obtained unlawfully shall not be admitted).

Appellant was arrested by Department of Public Safety Trooper Don Adams and taken
to the Bell County Jail. Appellant does not challenge the legality of the arrest or deny that the officer had
reasonable grounds to believe that he was driving while intoxicated. Pursuant to the implied consent law,
Adams requested that appellant submit a specimen of his breath for testing. Tex. Transp. Code Ann. §§
724.011, .012 (West 1977). Appellant agreed to submit to the breath test and he does not contend that
his consent was involuntary. Nevertheless, appellant argues that the breath test result should have been
suppressed because Adams did not fully comply with the requirements of Transportation Code section
724.015. Tex. Transp. Code Ann. § 724.015 (West 1977).

Section 724.015 provides that before requesting a person to submit a specimen of his
breath or blood for testing, the officer must inform him "orally and in writing" that: (1) if he refuses to submit
a specimen, that refusal may be admissible in a subsequent prosecution; (2) if he refuses to submit a
specimen, his driver's license will be suspended; (3) if he submits a specimen and it is determined that his
alcohol concentration exceeds a specified level, his driver's license will be suspended; (4) if he does not
have a driver's license, circumstance (2) or (3) will result in the denial of a license; and (5) he has a right
to a hearing on the suspension or denial of his driver's license. Adams read the prescribed warnings to
appellant, using what is called the DIC-24 form, before requesting the breath sample. Adams did not give
appellant the printed DIC-24 warning form until after the breath test was completed. Appellant contends
that Adams thus failed to comply with the statutory requirement that the warning be given both orally and
in writing before the breath sample is requested.

It has been held that the failure to give the required warnings does not bar the admission
in evidence of a voluntarily taken breath test because the warnings concern only the consequences of
refusing the test. Hogue v. State, 752 S.W.2d 585, 589-90 (Tex. App.--Tyler 1987, pet. ref'd); Nebes
v. State, 743 S.W.2d 729, 731 (Tex. App.--Houston [1st Dist.] 1987, no pet.); Landgraff v. State, 740
S.W.2d 577, 579 (Tex. App.--Houston [1st Dist.] 1987, pet. ref'd). The bulk of appellant's argument
to this Court is devoted to the contention that these opinions are no longer authoritative in light of
subsequent amendments to the implied consent statute. We do not address this argument because the
district court's refusal to suppress the breath test result can be affirmed without reliance on the challenged
opinions. 

Article 38.23(a) prohibits only the admission of evidence obtained in violation of law. 
Article 38.23(a) may not be invoked for statutory violations unrelated to the purpose of the exclusionary
rule. Roy v. State, 608 S.W.2d 645, 651-52 (Tex. Crim. App. 1980) (violation of assumed name statute
did not require suppression of evidence); Stockton v. State, 756 S.W.2d 873, 874 (Tex. App.--Austin
1988, no pet.) (violation of education code did not require suppression of evidence). If section 724.015
serves a purpose related to the gathering of evidence for use in a prosecution for driving while intoxicated,
it is to ensure that a suspect's decision to take or refuse a test for alcohol concentration is knowing and
voluntary. See Erdman v. State, 861 S.W.2d 890, 893-94 (Tex. Crim. App. 1993); State v. Sells, 798
S.W.2d 865, 867 (Tex. App.--Austin 1990, no pet.) (consent to breath test must be voluntary; consent
induced by misstatement of implied consent law is not voluntary).

At the suppression hearing, appellant failed to demonstrate that the breath test result he
sought to suppress was obtained by the violation of section 724.015 of which he complained. Appellant
orally received the information mandated by section 724.015 before being asked to give the breath sample. 
There was no evidence that appellant did not understand this information. Most importantly, there was no
evidence that the officer's failure to timely hand him the printed DIC-24 warning form had any impact
whatsoever on appellant's decision to take the breath test. On this record, the statutory violation was
unrelated to the purpose of the exclusionary rule and the district court did not abuse its discretion by
overruling the motion to suppress.

The point of error is overruled and the judgment of conviction is affirmed. 


Before Justices Powers, Jones and Kidd

Affirmed

Filed: August 28, 1997

Publish



alcohol concentration. See Tex. Code Crim. Proc. Ann. art. 38.23(a) (West
Supp. 1997) (evidence obtained unlawfully shall not be admitted).

Appellant was arrested by Department of Public Safety Trooper Don Adams and taken
to the Bell County Jail. Appellant does not challenge the legality of the arrest or deny that the officer had
reasonable grounds to believe that he was driving while intoxicated. Pursuant to the implied consent law,
Adams requested that appellant submit a specimen of his breath for testing. Tex. Transp. Code Ann. §§
724.011, .012 (West 1977). Appellant agreed to submit to the breath test and he does not contend that
his consent was involuntary. Nevertheless, appellant argues that the breath test result should have been
suppressed because Adams did not fully comply with the requirements of Transportation Code section
724.015. Tex. Transp. Code Ann. § 724.015 (West 1977).

Section 724.015 provides that before requesting a person to submit a specimen of his
breath or blood for testing, the officer must inform him "orally and in writing" that: (1) if he refuses to submit
a specimen, that refusal may be admissible in a subsequent prosecution; (2) if he refuses to submit a
specimen, his driver's license will be suspended; (3) if he submits a specimen and it is determined that his
alcohol concentration exceeds a specified level, his driver's license will be suspended; (4) if he does not
have a driver's license, circumstance (2) or (3) will result in the denial of a license; and (5) he has a right
to a hearing on the suspension or denial of his driver's license. Adams read the prescribed warnings to
appellant, using what is called the DIC-24 form, before requesting the breath sample. Adams did not give
appellant the printed DIC-24 warning form until after the breath test was completed. Appellant contends
that Adams thus failed to comply with the statutory requirement that the warning be given both orally and
in writing before the breath sample is requested.

It has been held that the failure to give the required warnings does not bar the admission
in evidence of a voluntarily taken breath test because the warnings concern only the consequences of
refusing the test. Hogue v. State, 752 S.W.2d 585, 589-90 (Tex. App.--Tyler 1987, pet. ref'd); Nebes
v. State, 743 S.W.2d 729, 731 (Tex. App.--Houston [1st Dist.] 1987, no pet.); Landgraff v. State, 740
S.W.2d 577, 579 (Tex. App.--Houston [1st Dist.] 1987, pet. ref'd). The bulk of appellant's argument
to this Court is devoted to the contention that these opinions are no longer authoritative in light of
subsequent amendments to the implied consent statute. We do not address this argument because the
district court's refusal to suppress the breath test result can be affirmed without reliance on the challenged
opinions. 

Article 38.23(a) prohibits only the admission of evidence obtained in violation of law. 
Article 38.23(a) may not be invoked for statutory violations unrelated to the purpose of the exclusionary
rule. Roy v. State, 608 S.W.2d 645, 651-52 (Tex. Crim. App. 1980) (violation of a