NO. 07-11-0077-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 11, 2012

_____

THE STATE OF TEXAS, APPELLANT

V.

JOHN JOE ROADES, APPELLEE

_____

FROM THE COUNTY CRIMINAL COURT NO. 4 OF DALLAS COUNTY;

NO. MB09-36032-E; HONORABLE TERESA TOLLE, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, the State of Texas, appeals from an order suppressing the test results of a breath sample given by Appellee, John Joe Roades.  In a single issue, the State asserts the trial court abused its discretion in granting Roades's motion to suppress. We reverse and remand for further proceedings consistent with this opinion.

**Background**

In November 2009, an information was filed alleging Roades committed the misdemeanor offense of driving while intoxicated.[1]  Roades subsequently filed a motion to suppress the results of his breathalyzer test.  His motion alleged the test results were obtained in violation of section 724.015 of the Texas Transportation Code[2] and, as a result, were inadmissible at trial pursuant to article 38.23 of the Texas Code of Criminal Procedure.[3]

At the suppression hearing, Anthony Camacho, Roades's employer for eleven years, testified he was deaf and relied heavily on American Sign Language.  He indicated Roades's vocabulary was at a third or fourth grade level and if you

---

[1]Tex. Penal Code Ann. § 49.04 (West 2011).

[2]Section 724.015 states, in pertinent part, as follows:

> Before requesting a person to submit to the taking of a specimen, the officer shall inform the person orally and in writing that:
>
> (1) if the person refuses to submit to the taking of the specimen, that refusal may be admissible in a subsequent proceeding;
>
> (2) if the person refuses to submit to the taking of the specimen, the person's license to operate a motor vehicle will be automatically suspended, whether or not the person is subsequently prosecuted as a result of the arrest, for not less than 180 days;

Tex. Transp. Code Ann. § 724.015 (West 2011).  (Throughout the remainder of this opinion, we will cite this provision of the Transportation Code simply as "section 724.015" or "§ 724.015").

[3]Article 38.23 of the Texas Code of Criminal Procedure states, in pertinent part, as follows:

> (a) No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

Tex. Code Crim. Proc. Ann. art. 38.23 (West 2005) (Throughout the remainder of this opinion, we will cite this provision of the Code of Criminal Procedure simply as "article 38.23").

2

communicated in writing with him, you had to be careful to use words he could understand.

Roades testified that the night of his arrest "he did everything the police told him to do." Although he was given a document entitled "Statutory Warning" that enumerated section 724.015's required warnings before a breath test was requested, Roades testified "[the officers] didn't read all of that, no." He testified a uniformed officer wrote him a note[4] and a second officer demonstrated how he should breathe into the breathalyzer machine. Prior to the test, "[he] didn't know that [he] could say no," believed he had no choice, and "just complied with what the police ordered." The officers did not "push or pull [him] to the instrument" or "[do] anything to make [him] feel they were forcing [him] physically to give a breath sample." He testified "[t]hey wrote it down and I just followed naively, but it's not like they used force, but I just followed along. I was eager to do what they wanted me to do." His breath sample measured nearly twice the legal limit.

Officer Jared Sykes testified that, prior to the test, he read the Statutory Warning form to Roades. He "placed a copy of it in front of him and line-by-line with my finger each—the entire warning."

Thereafter, the trial court made the following oral findings:

> Based on [Roades] testimony, the testimony of his employer, Mr. Camacho, he understands American Sign Language but does not read lips. And he does not have understanding of reading that contains certain

---

[4]The handwritten note stated: "Keep hands away from your mouth. When you do the test, you're going to blow into the tube like you're blowing up a balloon. If you feel sick, let me know. OK?"

3

expressions and words. He would not know how to keep those words in context.

Finding No. 3: having read the statutory warning myself and having heard it read many times in this courtroom, I understand the language that is used, it's statutory language, and any fair person will admit that it is lengthy and has several concepts in it that must be understood in context to understand the warning.

Finding No. 4: I understand technically that we all give implied consent on the back of our driver's licenses, but I have yet to find a person who says they know that. And it is clear to me from watching Mr. Roades on the videotape that he as—he tried to imitate everything that was shown and done.

Finding No. 5: I have no confidence that Mr. Roades understood he had an option of refusing. He had the option to take the breath test, he had an option to refuse the breath test. I don't believe he understood he had any option to refuse.

Thereafter, the trial court granted his motion to suppress and this appeal followed.

## Discussion

The State contends Roades failed to meet his burden of proof to establish a causal connection between any warning under section 724.015, or lack thereof, and his decision to submit to the breath test. The State also asserts Roades consented to perform the breath test and his consent was voluntary.

### Standard of Review

A trial court's ruling concerning the admission or exclusion of evidence may not be disturbed on appeal unless an abuse of discretion is shown. *Ramos v. State,* 245 S.W.3d 410, 418 (Tex.Crim.App. 2008). When reviewing a trial judge's ruling on a motion to suppress, we view all the evidence in a light most favorable to the trial judge's

4

ruling. *State v. Johnston*, 336 S.W.3d 649, 657 (Tex.Crim.App. 2011) (citing *State v. Garcia-Cantu*, 253 S.W.3d 236, 241 (Tex.Crim.App. 2008)). We afford almost total deference to a trial judge's determination of historical facts when they are supported by the record. *Id.* (citing *Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App. 1997)). The prevailing party is entitled to "the strongest legitimate view of the evidence and all reasonable inferences that may be drawn from the evidence." *Garcia-Cantu*, 253 S.W.3d at 241. We also afford almost total deference to the trial judge's rulings on mixed questions of law and fact when the resolution of those questions depends on an evaluation of credibility and demeanor. *Guzman*, 955 S.W.2d at 89. We review *de novo* mixed questions of law and fact that do not depend on an evaluation of credibility and demeanor. *Id.* All purely legal questions are reviewed *de novo*. *Kothe v. State*, 152 S.W.3d 54, 62-63 (Tex.Crim.App. 2004).

**Causal Connection**

Under article 38.23(a), "evidence is not 'obtained . . . in violation' of a provision of law if there is no causal connection between the illegal conduct and the acquisition of the evidence." *Gonzales v. State,* 67 S.W.3d 910, 912 (Tex.Crim.App. 2002). Therefore, in order for Roades's test results to be excluded, there must be a causal connection between an "[improper warning or lack thereof] and [his] decision to submit to a breath test." *Sandoval v. State*, 17 S.W.3d 792, 796 (Tex.App.—Austin 2000, pet. ref'd) (quoting *Tex. Dep't of Pub. Safety v. Rolfe*, 986 S.W.2d 823, 827 (Tex.App.—Austin 1999, no pet.)).

Here, Roades offered no evidence at the hearing that he submitted to the breath test *because* he failed to receive any warning based on section 724.015. *See State v. Woehst,* 175 S.W.3d 329, 333 (Tex.App.—Houston [1st Dist.] 2004, no pet.) (causal connection established by showing that officer's misinformation and failure to provide a proper warning had caused the driver to refuse to consent to a breath test). *See also Sandoval,* 17 S.W.3d at 796-97 (defendant failed to come forward with evidence showing a causal connection between the officer's extra-statutory statements and her decision to submit to a breath test); *Rolfe,* 986 S.W.2d at 827 (collected cases cited therein). In addition, Roades failed to come forward with evidence that the officers coerced his consent. *See Sandoval*, 17 S.W.3d at 796 (burden on defendant to establish "warnings actually coerced his consent"). Rather, he testified the officers did not "[do] anything to make [him] feel they were forcing him physically to give a breath sample," "[t]hey wrote it down and I just followed naively, but it's not like they used force, but I just followed along. I was eager to do what they wanted me to do."

Even though Roades testified that "[he] didn't know that [he] could say no" and "just complied with what the police ordered," the Fifth Amendment has no application to evidence which is non-testimonial in nature; *Turpin v. State,* 606 S.W.2d 907, 913-14 (Tex.Crim.App. 1980) (collected cases cited therein); *Landgraff v. State,* 740 S.W.2d 577, 579 (Tex.App.—Houston [1st Dist.] 1987, pet. ref'd) (breath sample is non-testimonial evidence), and "[i]t is unnecessary to show that a person consenting to a search was warned of his right to refuse, or that he knew of his right to do so, in order to support a finding that consent was freely and knowingly given." *Cole v. State*, 484 S.W.2d 779, 783 n.4 (Tex.Crim.App. 1972) (citing *DeVoyle v. State*, 471 S.W.2d 77, 80

(Tex.Crim.App. 1971)).  *See Valerio v. State*, 494 S.W.2d 892, 897 (Tex.Crim.App. 1973); (citing *Clark v. State,* 483 S.W.2d 465, 467 (Tex.Crim.App. 1972)).

Although evidence must show that warnings provided in section 724.015 were given an accused prior to introduction of evidence of a *refusal* to submit to a breath test, section 724.015 does not require proof of those warnings as a predicate to the introduction of *voluntarily* taken breath tests.  *See Hogue v. State,* 752 S.W.2d 585, 589-90 (Tex.App.—Tyler 1987, pet. ref'd) (applying former article 6701/-5 of the Texas Revised Statutes, since repealed and re-codified as § 724.015).  *See also Woodbridge v. State,* No. 05-96-01114-CR, 1998 Tex. App. LEXIS 4554, at *4 (Tex.App.—Dallas July 28, 1998, no pet.) (mem. op., not designated for publication).  Here, there is simply no record evidence that Roades submitted to the breath test because of any physical or psychological pressure brought to bear by law enforcement.  *See Vester v. State*, 916 S.W.2d 708, 712 (Tex.App.—Texarkana 1996, no pet.) ("mere fact that Vester reached a conclusion that he gave the breath test involuntarily without testimony that the officer coerced him into taking the test" is insufficient to raise issue warranting jury charge").

Because there was an absence of evidence establishing that any improper conduct by a law enforcement officer *caused,* or *coerced,* Roades to submit to a breath test, we find that the trial court abused its discretion in granting Roades's motion.  *See Schafer v. State,* 95 S.W.3d 452, 456-57 (Tex.App.—Houston [1st Dist.] 2002, pet. ref'd) (trial court did not err in concluding no causal connection between appellant's failure to receive DWI warnings in writing and his decision to submit to breath test where appellant testified that oral warnings given at the time were "confused all together," he did not understand them, he did not think he had any choice but to consent, and

7

evidence showed he had a blood alcohol concentration of .185). The State's single issue is sustained.

## Conclusion

The trial court's order is reversed and this case is remanded for further proceedings consistent with this opinion.

Patrick A. Pirtle
Justice

Do not publish.