

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-22-00231-CR

---

**HUMBERTO SAUL MENDOZA RODRIGUEZ, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

---

On Appeal from the 287th District Court
Parmer County, Texas
Trial Court No. 3724, Honorable Robert W. Kinkaid, Jr., Sitting by Assignment

---

October 12, 2023

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant, Humberto Saul Mendoza Rodriguez, appeals the trial court's judgment finding him guilty of the offense of driving while intoxicated with a child passenger[1] and resulting sentence of 180 days' incarceration. We affirm the judgment of the trial court.

---

[1] *See* TEX. PENAL CODE ANN. § 49.045.

## BACKGROUND

While on patrol at around 11:30 p.m. in September of 2020, Officer John Torres of the Friona Police Department observed a vehicle being driven by Appellant failing to signal lane changes and maintain a single lane. He also observed the vehicle drive in the wrong lane against traffic. After observing these traffic violations, Torres activated his emergency lights and initiated a traffic stop. Upon approaching the vehicle, Torres identified the passenger in the vehicle as Appellant's twelve-year-old son. Torres observed a beer cap fall out of the vehicle when Appellant exited and noticed that Appellant had trouble keeping his balance. Appellant admitted to drinking. At this point, Torres noted that Appellant's speech was slurred and the smell of alcohol emanated from him. Torres transported Appellant to the Friona Police Department to conduct field sobriety tests.

After conducting field sobriety tests at the police station, Torres advised Appellant that he would be performing an intoxilyzer test on Appellant's breath. While preparing the intoxilyzer instrument, Torres asked Appellant if he would provide a breath specimen. Appellant agreed. Torres did not read Appellant any warnings before performing the intoxilyzer testing. The intoxilyzer testing showed that Appellant had a blood-alcohol concentration of .211 and .217. After Torres completed the intoxilyzer testing, he read Appellant the statutory warnings regarding the intoxilyzer test and had Appellant sign a copy of the warnings. Torres then arrested Appellant for driving while intoxicated with a child passenger.

Prior to trial, Appellant filed a motion to suppress the results of the intoxilyzer on the basis that Torres did not read Appellant his statutory rights prior to obtaining Appellant's breath sample. During the hearing on the motion, the breath test results, the signed warnings form, and a video of Appellant and Torres's interaction at the police station was admitted. Torres testified that he did not read the warnings to Appellant until after he had obtained Appellant's breath specimen. The trial court denied Appellant's motion to suppress.

Subsequently, Appellant pled guilty and punishment was tried to the jury. After hearing evidence, the jury assessed punishment at 180 days' confinement with no fine. The trial court imposed sentence and entered the judgment from which Appellant timely appeals.

By his appeal, Appellant presents two issues. His first issue contends that the trial court erred by denying his motion to suppress evidence of the results of the intoxilyzer's test of his breath specimen. His second issue contends that the trial court erred in admitting evidence of the intoxilyzer's results because the State obtained this evidence in a manner that violated the law.

## STANDARD OF REVIEW

An appellate court reviews a trial court's ruling on a motion to suppress under an abuse of discretion standard and may overturn the trial court's ruling only if it is outside the zone of reasonable disagreement. *Martinez v. State*, 348 S.W.3d 919, 922 (Tex. Crim. App. 2011). We apply a bifurcated standard of review, giving almost total deference to the trial court's determination of historical facts and mixed questions of law and fact

that rely on the credibility of a witness, but applying a de novo standard of review to pure questions of law and mixed questions that do not depend on credibility determinations. *Id.* at 922–23. When the trial court does not enter findings of fact, we review the evidence in the light most favorable to the trial court's ruling and assume that the trial court made implicit findings supported by the record. *Ford v. State*, 158 S.W.3d 488, 493 (Tex. Crim. App. 2005). We will sustain the trial court's ruling "if it is reasonably supported by the record and is correct under any theory of law applicable to the case." *Villarreal v. State*, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996) (en banc).

### ISSUE ONE: DENIAL OF MOTION TO SUPPRESS

Appellant's first issue challenges the trial court's denial of Appellant's motion to suppress the results of the intoxilyzer breath test results. Appellant's argument is that Torres's failure to read him the statutory warnings rendered his consent involuntary. We disagree.

The Fourth Amendment prohibits unreasonable searches and seizures. U.S. CONST. amend. IV. A search and seizure conducted without a warrant issued upon probable cause is "per se unreasonable . . . subject only to a few specifically established and well-delineated exceptions." *Katz v. United States*, 389 U.S. 347, 357, 88 S. Ct. 507, 19 L. Ed. 2d 576 (1967). One such exception permits a warrantless search made after voluntary consent. *Noble v. State*, No. 07-06-00304-CR, 2007 Tex. App. LEXIS 8282, at *6 (Tex. App.—Amarillo Oct. 18, 2007, no pet.) (mem. op., not designated for publication) (citing *Reasor v. State*, 12 S.W.3d 813, 818 (Tex. Crim. App. 2000)). We assess whether consent was voluntarily given by reviewing the totality of the circumstances of a particular

4

police-citizen interaction from the perspective of an objectively reasonable person to determine whether the person's will was overborne and his capacity for self-determination critically impaired. *Fienen v. State*, 390 S.W.3d 328, 333 (Tex. Crim. App. 2012). "The validity of an alleged consent is a question of fact, and the State must prove voluntary consent by clear and convincing evidence." *Id.*

"Any person who is arrested for DWI is deemed to have given consent to submit to providing a specimen for a breath or blood test for the purpose of determining alcohol concentration or the presence of a controlled substance, drug, dangerous drug, or other substance." *Id.* A person generally retains an absolute right to refuse a test. *Id.* However, a person may consent to give a breath specimen provided the consent was made freely and voluntarily. *Id.* For consent to be freely and voluntarily given, it must not be the result of physical or psychological pressures brought to bear by law enforcement. *Hunter v. State*, 607 S.W.3d 894, 898 (Tex. App.—Amarillo 2020, no pet.).

Before requesting a blood or breath specimen, a law enforcement officer must inform a suspect that his refusal: (1) may be admissible in a subsequent prosecution, (2) will result in the suspension of his operator's license for a minimum of 180 days, and (3) may result in the officer applying for a warrant to secure the specimen. *Marin v. State*, No. 08-19-00186-CR, 2021 Tex. App. LEXIS 2885, at *5–6 (Tex. App.—El Paso Apr. 15, 2021, no pet.) (not designated for publication); *see* TEX. TRANSP. CODE ANN. § 724.015.

By his first issue, Appellant contends that the trial court erred by denying his motion to suppress because his consent to provide a breath specimen was rendered involuntary by Torres's failure to read the requisite statutory warnings before obtaining Appellant's

5

consent. The State responds contending that Appellant voluntarily consented to providing the breath specimen and giving the statutory warnings after obtaining the sample did not affect the voluntariness of Appellant's consent.

The record reflects that Appellant freely and voluntarily gave his consent to the taking of a breath specimen after he was asked by Torres. The record does not reflect that Torres threatened, intimidated, coerced, or used any type of force to secure Appellant's consent to provide a specimen. Further, Appellant does not contend that his consent was not freely and voluntarily given.[2] Rather, Appellant argues that his consent should be deemed involuntary based solely on the fact that Torres failed to provide the statutory warnings before obtaining Appellant's consent.

Because any person who operates a motor vehicle on public highways and is arrested for DWI is statutorily deemed to have consented to the taking of a breath specimen, the failure to give statutory warnings does not preclude admission of breath testing results when consent to provide a specimen was voluntarily given. *Landgraff v. State*, 740 S.W.2d 577, 579 (Tex. App.—Houston [1st Dist.] 1987, pet. ref'd). Rather, it is only when a person refuses to provide a specimen that the State must prove that the statutory warnings were given before the refusal occurred. *See Cole v. State*, 484 S.W.2d

---

[2] At oral argument, Appellant contended that the circumstances surrounding his consent to provide a breath specimen were such that they rendered his consent involuntary. However, Appellant did not present this argument in his briefing. "An appellant may not raise new points during oral argument . . . ." *Moore v. State*, 165 S.W.3d 118, 121 n.1 (Tex. App.—Fort Worth 2005, no pet.). Additionally, to make his case concerning the voluntariness of his consent, Appellant relies on evidence that was not presented at the hearing on his motion to suppress but, rather, was presented only at the punishment hearing following his plea of guilty. In reviewing whether a trial court's suppression decision is supported by the record, we generally consider only evidence adduced at the suppression hearing because the ruling was based on this evidence rather than evidence adduced later. *Rachal v. State*, 917 S.W.2d 799, 809 (Tex. Crim. App. 1996) (identifying the exception as being when the suppression issue is consensually re-litigated by the parties at the trial on the merits).

779, 783 n.4 (Tex. Crim. App. 1972) ("It is not necessary to show that a person consenting to a search was warned of his right to refuse, or that he knew of his right to do so, in order to support a finding that the consent was freely and knowingly given."); *Hogue v. State*, 752 S.W.2d 585, 589–90 (Tex. App.—Tyler 1987, pet. ref'd) ("While evidence must show that warnings [required under the previous statute] were given the accused prior to introduction of evidence of his *refusal* to submit to a breath test, we have found no authority construing [the prior statute] as requiring proof of these warnings as a predicate to the introduction of voluntarily taken breath test results . . . .") (emphasis added); *Nebes v. State*, 743 S.W.2d 729, 731 (Tex. App.—Houston [1st Dist.] 1987, no pet.) (same). "Taking a chemical breath test with the consent of the accused violates none of his rights." *Hogue*, 752 S.W.2d at 589.

As indicated above, we conclude that Appellant freely and voluntarily consented to provide a breath specimen for testing. Under applicable law, the failure of Torres to inform Appellant of the consequences of his refusal to provide a specimen does not render his consent involuntary. *See Hogue*, 752 S.W.2d at 589–90; *Nebes*, 743 S.W.2d at 731. Further, because a person who consents to the taking of a breath sample suffers no penalty when he is not informed of the consequences of his refusal, Appellant was not harmed by Torres's failure to read him the statutory warnings. *See Landgraf*, 740 S.W.2d at 579. The record does not reflect that law enforcement officers brought any physical or psychological pressure to bear to obtain Appellant's consent to provide a breath specimen. *State v. Roades*, No. 07-11-00077-CR, 2012 Tex. App. LEXIS 10240, at *9 (Tex. App.—Amarillo Dec. 11, 2012, no pet.) (mem. op., not designated for publication). Since the record demonstrates that Torres's warrantless seizure of Appellant's breath

specimen was reasonable under the Fourth Amendment, we overrule Appellant's first issue.

### ISSUE TWO: VIOLATION OF ARTICLE 38.23

By his second issue, Appellant contends that the intoxilyzer test results are inadmissible under article 38.23 of the Texas Code of Criminal Procedure. The State responds contending that Appellant failed to establish a causal connection between the statutory violation and the evidence obtained.

Article 38.23(a) of the Texas Code of Criminal Procedure provides that, "[n]o evidence obtained by an officer or other person in violation of any provision of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case." TEX. CRIM. PROC. CODE ANN. art. 38.23(a). Evidence is not obtained in violation of the law if there is no causal connection between the illegal conduct and the acquisition of the evidence. *Gonzales v. State*, 67 S.W.3d 910, 912 (Tex. Crim. App. 2002). The burden to prove such a causal connection between the failure to give statutory warnings and the decision to submit a breath test is on the defendant. *Martinez v. State*, No. 08-03-00240-CR, 2005 Tex. App. LEXIS 2687, at *9 (Tex. App.—El Paso Apr. 7, 2005, no pet.). Appellant argues that Torres's failure to read him the statutory warnings rendered his otherwise free and voluntary consent to provide a breath specimen involuntary. We have rejected this argument above. Appellant's conclusory contention does not discharge his burden to show a causal connection between Torres's failure to read the statutory warnings and Appellant's consent to provide a breath specimen. *See*

8

*Lane v. State*, 951 S.W.2d 242, 244 (Tex. App.—Austin 1997, no pet.) (per curiam) (no proof of causal connection between officer's failure to provide written warnings and appellant's consent to provide a breath specimen). Consequently, we overrule Appellant's second issue.

## CONCLUSION

Having overruled both of Appellant's issues, we affirm the judgment of the trial court.

Judy C. Parker<br>
Justice

Do not publish.