**William Earl LANE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 03–97–00056–CR.**

Court of Appeals of Texas, Austin.

Aug. 28, 1997.

■

James H. Kreimeyer, Belton, for Appellant.

Richard J. Miller, County Attorney, Belton, for Appellee.

Before POWERS, JONES and KIDD, JJ.

PER CURIAM.

The county court at law found appellant guilty of driving while intoxicated and assessed punishment at incarceration for ninety days and a $500 fine, after which it suspended imposition of sentence and placed appellant on community supervision. Tex. Penal Code Ann. § 49.04 (West 1994 & Supp.1997). In his only point of error, appellant contends the court erred by overruling his motion to suppress the result of a breath test for alcohol concentration. See Tex.Code Crim. Proc. Ann. art. 38.23(a) (West Supp.1997) (evidence obtained unlawfully shall not be admitted).

■ Appellant was arrested by Department of Public Safety Trooper Don Adams and taken to the Bell County Jail. Appellant does not challenge the legality of the arrest or deny that the officer had reasonable grounds to believe that he was driving while intoxicated. Pursuant to the implied consent law, Adams requested that appellant submit a specimen of his breath for testing. Tex. Transp. Code Ann. §§ 724.011, .012 (West 1977). Appellant agreed to submit to the breath test and he does not contend that his consent was involuntary. Nevertheless, appellant argues that the breath test result should have been suppressed because Adams did not fully comply with the requirements of Transportation Code section 724.015. Tex. Transp. Code Ann. § 724.015 (West 1977).

Section 724.015 provides that before requesting a person to submit a specimen of his breath or blood for testing, the officer must inform him "orally and in writing" that: (1) if he refuses to submit a specimen, that refusal may be admissible in a subsequent prosecution; (2) if he refuses to submit a specimen, his driver's license will be suspended; (3) if he submits a specimen and it is determined that his alcohol concentration exceeds a specified level, his driver's license will be suspended; (4) if he does not have a driver's license, circumstance (2) or (3) will result in the denial of a license; and (5) he has a right to a hearing on the suspension or denial of his driver's license. Adams read the prescribed warnings to appellant, using what is called the DIC–24 form, before requesting the breath sample. Adams did not give appellant the printed DIC–24 warning form until after the breath test was completed. Appellant contends that Adams thus failed to comply with the statutory requirement that the warning be given both orally and in writing before the breath sample is requested.

It has been held that the failure to give the required warnings does not bar the admission in evidence of a voluntarily taken breath test because the warnings concern only the consequences of refusing the test. Hogue v. State, 752 S.W.2d 585, 589–90 (Tex.App.—Tyler 1987, pet. ref'd); Nebes v. State, 743 S.W.2d 729, 731 (Tex.App.—Houston [1st Dist.] 1987, no pet.); Landgraff v. State, 740 S.W.2d 577, 579 (Tex.App.—Houston [1st Dist.] 1987, pet. ref'd). The bulk of appellant's argument to this Court is devoted to the contention that these opinions are no longer authoritative in light of subsequent amendments to the implied consent statute. We do not address this argument because the district court's refusal to suppress the breath test result can be affirmed without reliance on the challenged opinions.

■ Article 38.23(a) prohibits only the admission of evidence obtained in violation of law. Article 38.23(a) may not be invoked for statutory violations unrelated to the purpose of the exclusionary rule. Roy v. State, 608 S.W.2d 645, 651–52 (Tex.Crim.App.1980) (violation of assumed name statute did not require suppression of evidence); Stockton v. State, 756 S.W.2d 873, 874 (Tex.App.—Austin 1988, no pet.) (violation of education code did not require suppression of evidence). If section 724.015 serves a purpose related to the gathering of evidence for use in a prosecution for driving while intoxicated, it is to ensure that a suspect's decision to take or refuse a test for alcohol concentration is knowing and voluntary. See Erdman v. State, 861 S.W.2d 890, 893–94 (Tex.Crim.App.1993); State v. Sells, 798 S.W.2d 865, 867 (Tex.App.—Austin 1990, no pet.) (consent to breath test must be voluntary; consent induced by misstatement of implied consent law is not voluntary).

At the suppression hearing, appellant failed to demonstrate that the breath test

result he sought to suppress was obtained by the violation of section 724.015 of which he complained. Appellant orally received the information mandated by section 724.015 before being asked to give the breath sample. There was no evidence that appellant did not understand this information. Most importantly, there was no evidence that the officer's failure to timely hand him the printed DIC–24 warning form had any impact whatsoever on appellant's decision to take the breath test. On this record, the statutory violation was unrelated to the purpose of the exclusionary rule and the district court did not abuse its discretion by overruling the motion to suppress.

The point of error is overruled and the judgment of conviction is affirmed.