Opinion Issued August 4, 2005









     





In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00554-CV




TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant

V.

JUAN CARLOS JAUREGUI, Appellee




On Appeal from County Court at Law No. 3
Brazoria County, Texas
Trial Court Cause No. CI031590




O P I N I O N

          The Texas Department of Public Safety (“the DPS”) appeals an order from the
county court, affirming an administrative law judge’s decision denying the DPS’s
petition to suspend appellee, Juan Carlos Jauregui’s, driver’s license. We address
whether an officer must simultaneously give oral and written warnings of the
consequences of refusing a breath test after an arrest for driving while intoxicated
(“DWI”). We reverse the judgment and remand the cause with instructions. 
Background
          On September 14, 2003, Jauregui was arrested for DWI after Officer Carroll
of the Pearland Police Department observed Jauregui’s vehicle swerve out of its lane. 
Officer Carroll pulled Jauregui over and, after detecting a strong odor of alcohol
emanating from the vehicle, asked Juaregui to exit his vehicle. As Jauregui stumbled
and exited his vehicle, Officer Carroll noticed a moderate odor of alcoholic beverage
emanating from Jauregui’s breath and decided to administer standard field-sobriety
tests. Officer Carroll administered several field tests, including a horizontal-
nystagmus-gaze test, a walk-and-turn test, and a one-leg-stand test. Jauregui failed
to perform any of these tests satisfactorily, and Officer Carroll arrested him for DWI. 
Once inside his patrol car, Officer Carroll read Jauregui statutory warnings regarding
his refusal to provide a breath specimen (form DIC-24). Jauregui was not provided
a written copy of the warnings at that time. 
          Officer Carroll transported Jauregui to the Pearland Police Station, where he 
provided Jauregui a written set of the DIC-24 warnings, which Jauregui refused to
sign. Officer Carroll then provided to Jauregui a notice of suspension of his driver’s
license (form DIC-25).
          On December 3, 2003, at Jauregui’s request, an administrative law judge
(“ALJ”) conducted a hearing on the suspension of his driver’s license and found as
follows:


 
Having considered the evidence, the Judge finds the following
issues/element(s) were not proven by a preponderance of the evidence: 
that the Defendant was properly given the Statutory Warnings in
accordance with state requirement. Officer Carroll, the officer who
executed the Statutory Warnings, testified that he did give the Defendant
a copy of the warnings to read alone. He stated that he read the
document to the Defendant in the vehicle, but it was unclear whether the
warnings were read and [sic] second time with the Defendant being
provided with a copy. The department failed to meet their burden.


 
 
Based on the foregoing, the Judge concludes the evidence
presented in this cause was insufficient to establish all the
issues/elements set out in Tex. Transp. Code Ann. § 524.035 or 724.042
by a preponderance of the evidence.
 
          Based upon these conclusions, the ALJ denied the DPS’s petition to suspend
Jauregui’s driver’s license. The DPS sought judicial review of that determination in
the county court. The county court affirmed the ALJ’s decision. 
Standard of Review
          We consider in this appeal whether the administrative findings are affected by
an error of law.


 This Court’s review of the trial court’s determination is undertaken
de novo. Raesner v. Tex. Dep’t of Pub. Safety, 982 S.W.2d 131, 132 (Tex.
App.—Houston [1st Dist.] 1998, pet. denied). We review questions of law without
affording any deference to the trial court’s finding. Tex. Dep’t of Pub. Safety v.
Cuellar, 58 S.W.3d 781, 784 (Tex. App.—San Antonio 2001, no pet.). To resolve
this issue, the proper construction of Texas Transportation Code section 724.015, we
decide an issue of law; thus we review de novo. See Martin v. Dep’t of Pub. Safety,
964 S.W.2d 772, 774 (Tex. App—Austin 1998, no pet.)
Statutory Warnings
          In its sole issue, the DPS contends that the trial court erred in affirming the
ALJ’s decision because the statutory warnings regarding Jauregui’s refusal to provide
a breath specimen were not required to be given, both orally and in writing,
contemporaneously. 
          Section 724.015 of the Texas Transportation Code provides that “[b]efore
requesting a person to submit to the taking of a specimen, the officer shall inform the
person orally and in writing” of the statutory warnings provided under section
724.015, which include the consequences of refusing to submit to the test. Tex.
Transp. Code Ann. § 724.015 (Vernon Supp. 2004-2005). The purpose behind
section 724.015 is “to ensure that a person who refuses to give a requested specimen
does so with a full understanding of the consequences.” Nebes v. State, 743 S.W.2d
729, 730 (Tex. App.—Houston [1st Dist.] 1987, no pet.).
          Several cases exist involving an officer’s giving the required oral warnings, but
failing to give the statutory written warnings before requesting a person to submit to
the taking of a specimen. See Schafer v. State, 95 S.W.3d 452, 455-57 (Tex.
App.—Houston [1st Dist.] 2002, pet. ref’d). In both Rowland v. State, 983 S.W.2d
58 (Tex. App.—Houston [1st Dist.] 1998, pet. ref’d), and Jessup v. State, 935 S.W.2d
508 (Tex. App.—Houston [14th Dist.] 1996, pet. ref’d), police officers gave the
appellants only an oral warning before asking them to provide breath specimens. 
Rowland, 983 S.W.2d at 60; Jessup, 935 S.W.2d at 509-511. After the appellants
refused to give specimens, the officers gave them the written warnings, which the
appellants signed, acknowledging that they understood them. Rowland, 983 S.W.2d
at 60; Jessup, 935 S.W.2d at 509-511. The appellate courts held that the trial courts
did not err in admitting evidence of the appellants’ refusal to take the breath tests
because (1) the appellants failed to establish any causal connection between their
refusal to give specimens and the fact that they were not given the written warnings
before they refused the breath tests and (2) when the appellants did sign the written
warnings, they reaffirmed their earlier decisions to refuse the breath test. Rowland,
983 S.W.2d at 60; Jessup, 935 S.W.2d at 511.O’Keefe v. State is similar to Rowland and Jessup, except that in O’Keefe, the
appellant refused to sign the written statutory warning form that was given to him
after he had already refused to give a specimen upon receiving the oral warnings. 981
S.W.2d 872, 875 (Tex. App.—Houston [1st Dist.] 1998, no pet.). This Court held
that the evidence supported the trial court’s implied finding that the officer had
complied with section 724.015. Id.
          In Lane v. State, the officer read the statutory warnings to the appellant before
requesting a breath sample, and the appellant agreed to submit to the breath test. 951
S.W.2d 242, 243 (Tex. App.—Austin 1997, no pet.). The officer never gave the
appellant a printed version of the statutory warnings. Id. The appellate court held
that the trial court properly admitted the results of the breath test into evidence
because there was no evidence that the appellant did not understand the warnings or
that his failure to receive the warnings in writing had any impact on his decision to
take the breath test. Id. at 244.
          The DPS contends that the previously discussed cases support the proposition
that Jauregui was adequately warned according to the purpose of section 724.015. 
Jauregui contends that these cases are distinguishable from his own.


 In the present
case, the testimony reflects that, after Jauregui was arrested, Officer Carroll read to
him the DIC-24 statutory warning form and his warnings. See Tex. Code Crim.
Proc. Ann. art. 38.22 (Vernon 2005). Officer Carroll did not provide Jauregui a
written copy of the warnings during this first request for a breath specimen. Officer
Carroll did, however, provide Jauregui a written copy of the warnings when he
reached the police station. 
          Officer Carroll’s testimony did not reflect whether he again administered the
warnings orally to Jauregui at the station. However, Officer Carroll’s offense report,
admitted into evidence without objection, reflects that, when he provided Juaregui a
set of written warnings at the jail, Juaregui stated, “I understood this, I don’t need to
read it.” Jauregui then refused for a second time to provide a breath specimen. 
          The difference between Rowland and Jessup and the present case is that
Jauregui never signed the DIC-24 form, which would have indicated that he
understood the warnings he had been given.


 See Rowland, 983 S.W.2d at 60; Jessup,
935 S.W.2d at 510. However, the unobjected-to evidence shows that Jauregui refused
to sign the DIC-24 form when asked to do so and instead stated that he understood
the warning and “[didn’t] need to read it.” Thus, the evidence demonstrates that the
purpose of section 724.015 had been fulfilled: Jauregui had been informed of the
consequences of his failing to provide a breath specimen, and he had indicated that
he understood those consequences. Moreover, Jauregui presented no evidence to
show that he did not understand the warnings or that his failure to receive the
warnings both in writing and verbally before a request for a breath specimen had any
impact on his decision not to take the breath test. Thus, under the current case law,
Jauregui was adequately given the section 724.015 warnings. 
          Despite the fact that the plain language of the statute appears to require both
written and oral warnings before a breath specimen is requested, courts have
interpreted that statute to allow either oral or written warnings and not to require both. 
See Rowland, 983 S.W.2d at 60; Jessup, 935 S.W.2d at 510. Thus, we hold that the
ALJ’s finding was affected by an error of law and that the trial court erred in
affirming it because Jauregui was properly warned under section 724.015. 
          Accordingly, we sustain the DPS’s sole issue. 
          The DPS next contends that, because we have found in its favor regarding the
statutory-warning issue, this Court should order the suspension of Jauregui’s driver’s
license and determine whether any disputed facts regarding reasonable suspicion
exist. The DPS asserts that, if this Court determines that facts regarding reasonable
suspicion are in dispute, we should remand the case for an administrative hearing to
obtain additional findings of fact and conclusions of law. 
          This Court is not the factfinder and, as such, should not engage in a review of
the facts regarding issues not before it. Because the ALJ committed an error of law,
the DPS is entitled to a reversal of the agency’s order. The appropriate remedy for
this error is not rendition, however. Tex. Dep’t of Transp. v. Jones Bros. Dirt &
Paving Contractors, 24 S.W.3d 893, 902 (Tex. App.—Austin 2000, rev’d on other
grounds, 92 S.W.3d 477 (Tex. 2002). Instead, the cause must be remanded to the trial
court with instructions to remand the cause to the agency for further consideration. 
Id. at 902.
 

Conclusion
          We reverse the judgment of the trial court and remand the cause to the trial
court with instructions to remand the cause to the administrative court. 
 
 
 
                                                             Tim Taft
                                                             Justice
 
Panel consists of Justices Taft, Alcala, and Higley.
Publish. Tex. R. App. P. 47.2(b).