

# IN THE
# TENTH COURT OF APPEALS

### No. 10-08-00344-CR

**THE STATE OF TEXAS,**

**Appellant**

**v.**

**LAUREN CHRISTINE KLEIN,**

**Appellee**

### From the County Court at Law No. 2
### Johnson County, Texas
### Trial Court No. M200800627

## MEMORANDUM  OPINION

Lauren Christine Klein was charged by information with driving while intoxicated. She filed a motion to suppress the breath test evidence, which the trial court granted. The trial court made the following findings of fact:

1.    On February 23, 2008, Officer Brian Hartin, Alvarado Police Department, Alvarado, Johnson County, Texas, arrested the Defendant, Lauren Christine Klein, without a warrant, for the criminal offense of Driving While Intoxicated.

2.    The said Defendant, Lauren Christine Klein, was 18 years of age on February 23, 2008.

3. Officer Hartin attempted to comply with §724.015, Information Provided by Officer Before Requesting Specimen, Texas Transportation Code, (Vernon 2001), subsequent to the arrest of the Defendant. Officer Hartin read the Texas Department of Public Safety, Statutory Warning, DIC-24 (rev. 9/05), to the Defendant, which tracks the information required by §724.015, Texas Transportation Code, except for paragraph (4).

4. Officer Hartin failed to read or orally inform the Defendant of paragraph (4) §724.015, Texas Transportation Code, (Vernon 2001), specifically regarding the information to be provided to a person under 21 years of age.[1]

5. Officer Hartin provided a written copy of the DIC-24 to the Defendant.

6. Officer Hartin thereafter requested the Defendant to submit to the taking of a specimen as noted in Chapter 724, Texas Transportation Code, (Vernon 2001).

7. Lauren Christine Klein provided a specimen of breath to Officer Hartin. Officer Hartin testified that the breath specimen provided by the Defendant indicated an alcohol concentration of 0.08 or more.

The trial court also made the following conclusions of law:

1. Officer Hartin failed to comply with §724.015, Texas Transportation Code, (Vernon 2001).

2. The Defendant was not orally informed of the consequences of submitting to the taking, or refusing to the taking, of a specimen, specifically regarding a person under 21 years of age, as provided by §724.015, Texas Transportation Code, (Vernon 2001).

3. The specimen of the Defendant's breath given to Officer Hartin while the Defendant was under arrest for Driving While Intoxicated was not voluntarily given.

---

[1] Paragraph (4) of section 724.015 provides that

if the person is younger than 21 years of age and has any detectable amount of alcohol in the person's system, the person's license to operate a motor vehicle will be automatically suspended for not less than 60 days even if the person submits to the taking of the specimen, but that if the person submits to the taking of the specimen and an analysis of the specimen shows that the person had an alcohol concentration less than the level specified by Chapter 49, Penal Code, the person may be subject to criminal penalties less severe than those provided under that chapter.

TEX. TRANSP. CODE ANN. § 724.015(4) (Vernon Supp. 2009).

4. The analysis of the alcohol concentration of said specimen is not admissible as evidence in the prosecution of the Defendant in this cause.

In two issues, the State contends that the trial court erred in granting the motion.

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007). In reviewing the trial court's decision, we do not engage in our own factual review. *Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); *Best v. State*, 118 S.W.3d 857, 861 (Tex. App.—Fort Worth 2003, no pet.). The trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. *Wiede v. State*, 214 S.W.3d 17, 24-25 (Tex. Crim. App. 2007); *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000), *modified on other grounds by State v. Cullen*, 195 S.W.3d 696 (Tex. Crim. App. 2006). Therefore, we give almost total deference to the trial court's rulings on (1) questions of historical fact, even if the trial court's determination of those facts was not based on an evaluation of credibility and demeanor; and (2) application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor. *Amador*, 221 S.W.3d at 673; *Montanez v. State*, 195 S.W.3d 101, 108-09 (Tex. Crim. App. 2006); *Johnson v. State*, 68 S.W.3d 644, 652-53 (Tex. Crim. App. 2002). But when application-of-law-to-fact questions do not turn on the credibility and demeanor of the witnesses, we review the trial court's ruling on those questions *de novo*. *Amador*, 221 S.W.3d at 673; *Johnson*, 68 S.W.3d at 652-53.

When reviewing the trial court's ruling on a motion to suppress, we must view the evidence in the light most favorable to the trial court's ruling. *Wiede*, 214 S.W.3d at

24; *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006). When the trial court makes explicit fact findings, we determine whether the evidence, when viewed in the light most favorable to the trial court's ruling, supports those fact findings. *Kelly*, 204 S.W.3d at 818-19. We then review the trial court's legal ruling *de novo* unless its explicit findings that are supported by the record are also dispositive of the legal ruling. *Id.* at 819.

In its first issue, the State argues that the trial court erred in granting the motion to suppress because Klein provided a voluntary breath sample that was free of any physical or psychological pressures. The State further contends that Klein provided no causal connection between her giving of the breath specimen and Officer Hartin's failure to read or orally inform her of paragraph (4) of section 724.015.

The implied-consent statute provides that a person who is arrested for an offense arising out of acts alleged to have been committed while operating a motor vehicle while intoxicated is deemed to have consented to the taking of samples for a breath or blood test. TEX. TRANSP. CODE ANN. § 724.011(a) (Vernon 1999). However, for consent to be effective, it must be voluntary. *Turpin v. State*, 606 S.W.2d 907, 914 (Tex. Crim. App. 1980). A person's consent to a breath test is voluntary only if it is not the result of physical or psychological pressures. *Erdman v. State*, 861 S.W.2d 890, 893 (Tex. Crim. App. 1993).

Section 724.015 of the Transportation Code provides that "[b]efore requesting a person to submit to the taking of a specimen, the officer shall inform the person orally and in writing" of the statutory warnings provided in section 724.015. TEX. TRANSP.

CODE ANN. § 724.015. If a driver's consent is induced by an officer's misstatement of the law and includes extra-statutory consequences of a refusal to submit to a breath test, the consent may be considered to have been involuntarily given. *See, e.g., Erdman*, 861 S.W.2d at 894 (holding extra-statutory warnings conveyed to the suspect were of the type that would result in "considerable psychological pressure"). However, the fact that the arresting officer gives a written warning but fails to give an oral warning before requesting a breath test does not, by itself, render the results of the test inadmissible. *See Lane v. State*, 951 S.W.2d 242, 243-44 (Tex. App.—Austin 1997, no pet.). There must be some showing of a causal connection between the failure to give the oral warning and the defendant's consent to submit to the breath test to render the results of the test inadmissible. *See id.; cf. Anderson v. State*, No. 2-05-169-CR, 2006 WL 744272, at *1 (Tex. App.—Fort Worth Mar. 23, 2006, pet. dism'd) (mem. op.) (upholding admissibility of defendant's refusal to take breath test because he failed to show causal connection between his refusal and officer's failure to give written warnings before asking for breath sample).

In this case, Officer Hartin did not misstate the law and include extra-statutory consequences of a refusal to submit to the breath test such that Klein's consent is considered to have been involuntarily given. *See Erdman*, 861 S.W.2d at 893-94. Nevertheless, Officer Hartin's failure to orally inform Klein of paragraph (4) of section 724.015 of the Transportation Code violated the statute. *See* TEX. TRANSP. CODE ANN. § 724.015. But there is no evidence that Officer Hartin's failure to read or orally inform Klein of paragraph (4) of section 724.015 had any impact on her decision to take the

breath test.  The evidence establishes that Klein was provided the written warnings. She did not contend at the suppression hearing, nor does she contend on appeal, that she did not understand the written warnings.  Furthermore, before Officer Hartin gave any warnings to Klein, she admitted that she had been drinking.  For these reasons, Klein has shown no causal connection between her consent to the breath test and Officer Hartin's failure to orally inform her of paragraph (4) of section 724.015.  *See Lane*, 951 S.W.2d at 243-44.  We sustain the State's first issue.

Because the first issue is dispositive, we need not address the State's second issue.  We reverse the trial court's grant of Klein's motion to suppress and remand this cause to the trial court for further proceedings.


REX D. DAVIS
Justice

Before Chief Justice Gray,
     Justice Reyna, and
     Justice Davis
     (Chief Justice Gray concurs in the judgment of the court.  A separate opinion will not issue.)
Reversed and remanded
Opinion delivered and filed September 15, 2010
Do not publish
[CR25]