IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00344-CR

 

The State of Texas,

                                                                                    Appellant

 v.

 

Lauren Christine Klein,

                                                                                    Appellee

 

 

 



From the County Court
at Law No. 2

Johnson County, Texas

Trial Court No. M200800627

 



MEMORANDUM  Opinion



 

            Lauren Christine Klein was charged by
information with driving while intoxicated.  She filed a motion to suppress the
breath test evidence, which the trial court granted.  The trial court made the
following findings of fact:  

1.         On February 23,
2008, Officer Brian Hartin, Alvarado Police Department, Alvarado, Johnson
County, Texas, arrested the Defendant, Lauren Christine Klein, without a
warrant, for the criminal offense of Driving While Intoxicated.

 

2.         The said
Defendant, Lauren Christine Klein, was 18 years of age on February 23, 2008.

 

3.         Officer Hartin
attempted to comply with §724.015, Information Provided by Officer Before
Requesting Specimen, Texas Transportation Code, (Vernon 2001), subsequent to
the arrest of the Defendant.  Officer Hartin read the Texas Department of
Public Safety, Statutory Warning, DIC-24 (rev. 9/05), to the Defendant, which
tracks the information required by §724.015, Texas Transportation Code, except
for paragraph (4).

 

4.         Officer Hartin
failed to read or orally inform the Defendant of paragraph (4) §724.015, Texas
Transportation Code, (Vernon 2001), specifically regarding the information to
be provided to a person under 21 years of age.[1]

 

5.         Officer Hartin
provided a written copy of the DIC-24 to the Defendant.

 

6.         Officer Hartin
thereafter requested the Defendant to submit to the taking of a specimen as
noted in Chapter 724, Texas Transportation Code, (Vernon 2001).

 

7.         Lauren Christine
Klein provided a specimen of breath to Officer Hartin.  Officer Hartin
testified that the breath specimen provided by the Defendant indicated an
alcohol concentration of 0.08 or more.

 

The
trial court also made the following conclusions of law:

 

1.                 
Officer Hartin
failed to comply with §724.015, Texas Transportation Code, (Vernon 2001).

 

2.                 
The Defendant was
not orally informed of the consequences of submitting to the taking, or
refusing to the taking, of a specimen, specifically regarding a person under 21
years of age, as provided by §724.015, Texas Transportation Code, (Vernon
2001).

 

3.                 
The specimen of the
Defendant’s breath given to Officer Hartin while the Defendant was under arrest
for Driving While Intoxicated was not voluntarily given.

 

4.                 
The analysis of the
alcohol concentration of said specimen is not admissible as evidence in the
prosecution of the Defendant in this cause.

 

In two issues, the State contends that
the trial court erred in granting the motion.

            We review a trial court’s
ruling on a motion to suppress evidence under a bifurcated standard of review. 
Amador v. State, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007).  In
reviewing the trial court’s decision, we do not engage in our own factual
review.  Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); Best
v. State, 118 S.W.3d 857, 861 (Tex. App.—Fort Worth 2003, no pet.).  The
trial judge is the sole trier of fact and judge of the credibility of the
witnesses and the weight to be given their testimony.  Wiede v. State,
214 S.W.3d 17, 24-25 (Tex. Crim. App. 2007); State v. Ross, 32 S.W.3d
853, 855 (Tex. Crim. App. 2000), modified on other grounds by State v.
Cullen, 195 S.W.3d 696 (Tex. Crim. App. 2006).  Therefore, we give almost
total deference to the trial court’s rulings on (1) questions of historical
fact, even if the trial court’s determination of those facts was not based on
an evaluation of credibility and demeanor; and (2) application-of-law-to-fact
questions that turn on an evaluation of credibility and demeanor.  Amador,
221 S.W.3d at 673; Montanez v. State, 195 S.W.3d 101, 108-09 (Tex. Crim.
App. 2006); Johnson v. State, 68 S.W.3d 644, 652-53 (Tex. Crim. App.
2002).  But when application-of-law-to-fact questions do not turn on the
credibility and demeanor of the witnesses, we review the trial court’s ruling
on those questions de novo.  Amador, 221 S.W.3d at 673; Johnson,
68 S.W.3d at 652-53.

            When reviewing the trial
court’s ruling on a motion to suppress, we must view the evidence in the light
most favorable to the trial court’s ruling.  Wiede, 214 S.W.3d at 24; State
v. Kelly, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006).  When the trial court
makes explicit fact findings, we determine whether the evidence, when viewed in
the light most favorable to the trial court’s ruling, supports those fact
findings.  Kelly, 204 S.W.3d at 818-19.  We then review the trial
court’s legal ruling de novo unless its explicit findings that are
supported by the record are also dispositive of the legal ruling.  Id. at
819.

            In its first issue, the
State argues that the trial court erred in granting the motion to suppress
because Klein provided a voluntary breath sample that was free of any physical
or psychological pressures.  The State further contends that Klein provided no
causal connection between her giving of the breath specimen and Officer
Hartin’s failure to read or orally inform her of paragraph (4) of section
724.015.

            The implied-consent statute
provides that a person who is arrested for an offense arising out of acts
alleged to have been committed while operating a motor vehicle while
intoxicated is deemed to have consented to the taking of samples for a breath
or blood test.  Tex. Transp. Code Ann. §
724.011(a) (Vernon 1999).  However, for consent to be effective, it must be
voluntary.  Turpin v. State, 606 S.W.2d 907, 914 (Tex. Crim. App.
1980).  A person’s consent to a breath test is voluntary only if it is not the
result of physical or psychological pressures.  Erdman v. State, 861
S.W.2d 890, 893 (Tex. Crim. App. 1993).

            Section 724.015 of the
Transportation Code provides that “[b]efore requesting a person to submit to
the taking of a specimen, the officer shall inform the person orally and in
writing” of the statutory warnings provided in section 724.015.  Tex. Transp. Code Ann. § 724.015.  If a
driver’s consent is induced by an officer’s misstatement of the law and
includes extra-statutory consequences of a refusal to submit to a breath test,
the consent may be considered to have been involuntarily given.  See, e.g.,
Erdman, 861 S.W.2d at 894 (holding extra-statutory warnings conveyed to the
suspect were of the type that would result in “considerable psychological
pressure”).  However, the fact that the arresting officer gives a written
warning but fails to give an oral warning before requesting a breath test does
not, by itself, render the results of the test inadmissible.  See Lane v.
State, 951 S.W.2d 242, 243-44 (Tex. App.—Austin 1997, no pet.).  There must
be some showing of a causal connection between the failure to give the oral
warning and the defendant’s consent to submit to the breath test to render the results
of the test inadmissible.  See id.; cf. Anderson v. State, No.
2-05-169-CR, 2006 WL 744272, at *1 (Tex. App.—Fort Worth Mar. 23, 2006, pet.
dism’d) (mem. op.) (upholding admissibility of defendant’s refusal to take
breath test because he failed to show causal connection between his refusal and
officer’s failure to give written warnings before asking for breath sample).

            In this case, Officer Hartin
did not misstate the law and include extra-statutory consequences of a refusal
to submit to the breath test such that Klein’s consent is considered to have
been involuntarily given.  See Erdman, 861 S.W.2d at 893-94.  Nevertheless,
Officer Hartin’s failure to orally inform Klein of paragraph (4) of section
724.015 of the Transportation Code violated the statute.  See Tex. Transp. Code Ann. § 724.015.  But
there is no evidence that Officer Hartin’s failure to read or orally inform
Klein of paragraph (4) of section 724.015 had any impact on her decision to
take the breath test.  The evidence establishes that Klein was provided the
written warnings.  She did not contend at the suppression hearing, nor does she
contend on appeal, that she did not understand the written warnings.  Furthermore,
before Officer Hartin gave any warnings to Klein, she admitted that she had
been drinking.  For these reasons, Klein has shown no causal connection between
her consent to the breath test and Officer Hartin’s failure to orally inform
her of paragraph (4) of section 724.015.  See Lane, 951 S.W.2d at
243-44.  We sustain the State’s first issue.

Because the first issue is dispositive,
we need not address the State’s second issue.  We reverse the trial court’s
grant of Klein’s motion to suppress and remand this cause to the trial court
for further proceedings.

 

REX D. DAVIS

Justice

 

Before
Chief Justice Gray,

Justice Reyna, and

Justice Davis

(Chief Justice Gray concurs in the
judgment of the court.  A separate opinion will not issue.)

Reversed
and remanded

Opinion
delivered and filed September 15, 2010

Do
not publish

[CR25]









[1] Paragraph (4) of section 724.015
provides that

if the person is younger than 21 years
of age and has any detectable amount of alcohol in the person’s system, the
person’s license to operate a motor vehicle will be automatically suspended for
not less than 60 days even if the person submits to the taking of the specimen,
but that if the person submits to the taking of the specimen and an analysis of
the specimen shows that the person had an alcohol concentration less than the
level specified by Chapter 49, Penal Code, the person may be subject to criminal
penalties less severe than those provided under that chapter.

Tex. Transp.
Code Ann. § 724.015(4)
(Vernon Supp. 2009).








272 (appellate cause no.
10-08-00058-CR).  He similarly claims in his third point[10]
that the judgment of conviction for criminal solicitation should be vacated
because the conduct relied on to prove this offense was subsumed by the conduct
relied on to prove indecency by exposure under trial court cause no. 07-01491-CRF-272
(appellate cause no. 10-09-00156-CR).

            Lancaster places primary
reliance on Patterson v. State, 152 S.W.3d 88 (Tex. Crim. App. 2004). 
There the Court of Criminal Appeals explained that, although the Legislature
has authorized multiple punishments for the repeated commission of such crimes
against a child during a single criminal episode, “there is nothing in the
language [of the pertinent statutes] to suggest that it intended to authorize ‘stop-action’
prosecution.”  Id. at 92.

Just as a conviction for a completed
offense bars prosecution for an attempt to commit the same offense, a conviction
for an offense set out in § 3.03 bars conviction for conduct that, on the facts
of the case, is demonstrably part of the commission of the greater offense. 
For example, indecency by genital exposure of oneself in the course of manual
penetration of another are separate offenses, while penile contact with mouth,
genitals, or anus in the course of penile penetration will be subsumed.

 

Id.

            As we have explained,
however, if the evidence shows the commission of distinct offenses based on
different (albeit similar) conduct, then the conduct which serves as the basis
for one of the offenses necessarily cannot be subsumed in the conduct which
serves as the basis for commission of the other(s).  See Hanson,
180 S.W.3d at 732-33.

            In addressing Lancaster’s
first point, we explained how State’s Exhibit No. 130 depicts the commission of
factually distinct offenses which provide a separate evidentiary basis for each
of the convictions he challenged in his first point and again challenges in his
second point.  Because this evidence establishes the commission of at least
seven “distinct and separate offenses,” his prosecution for the challenged
convictions is not barred under the principles enunciated in Patterson. 
Id.  Thus, we overrule Lancaster’s second
point.

            In his third point,
Lancaster similarly contends that the conduct relied on to prove criminal
solicitation is barred under Patterson because it is subsumed within the
conduct relied on to prove indecency by exposure.

            The indictment count for
criminal solicitation alleges that Lancaster, with intent that sexual
performance by a child be committed, induced K.C. to allow him to photograph
her vagina.  The indictment for indecency by exposure (the sole count in that
case) alleges that he exposed his genitals to K.C. with the requisite intent.

            In Patterson, the
Court cited as an example of an offense which is not subsumed indecency by
genital exposure committed in the course of aggravated sexual assault by manual
penetration.  See Patterson, 152 S.W.3d at 92.  In the same manner, we
hold that a person soliciting a child to permit him to photograph her vagina is
not subsumed within the act of the person exposing his genitals to the child,
even if done at the same time.  Id.; Hanson, 180 S.W.3d at 732-33. 
Thus, we overrule Lancaster’s third point.

Voir Dire

            Lancaster contends in his
seventh point[11]
that the court abused its discretion by refusing to permit him to ask during
voir dire whether the jurors could be fair and impartial in a hypothetical case
involving sexual molestation of children.  We address this issue in the other
opinion we have issued today in appellate cause nos. 10-08-00025-CR,
10-08-00027-CR, 10-08-00028-CR, 10-08-00029-CR, and 10-08-00030-CR.  We hold
that the court abused its discretion by refusing to permit him to ask the
question but this error, beyond a reasonable doubt, did not contribute to his
conviction.  See Lancaster v. State, No. 10-08-00025-CR, slip op.
at 4-6 (Tex. App.—Waco May 26, 2009, no pet. h.).  Thus, we overrule Lancaster’s
seventh point.

Improper Argument

            Lancaster contends in his
fourth point[12]
that the court abused its discretion by overruling his objection that the
prosecutor’s argument during the punishment phase struck at him over the
shoulders of defense counsel.

            There are four categories of
permissible jury argument: (1) summation of the evidence; (2) reasonable
deduction from the evidence; (3) an answer to the argument of opposing counsel;
or (4) a plea for law enforcement.  Gallo v. State, 239 S.W.3d 757, 767
(Tex. Crim. App. 2007).  The State may not strike at a defendant over the
shoulders of defense counsel or accuse counsel of bad faith or insincerity
during argument.  See id.; Harris v. State, 122 S.W.3d 871,
886 (Tex. App.—Fort Worth 2003, pet. ref’d).

            During closing, defense
counsel discussed the impact of Lancaster’s convictions on his family, career
and personal life.  Counsel urged the jury to show mercy in assessing
punishment.  In rebuttal, the State reminded the jury that Lancaster’s actions
had impacted the lives of several children and their families.  After
addressing this for a few moments, the State talked further about Lancaster.

STATE:             Now, I want to talk
about the defendant, too; but I also want to make sure we understand the
context in which we are talking about the defendant.  Mr. Banks said a very
important thing.  He said, “You know, the first time that I went up to the
jail, I expected to meet a pervert, to hate him, to be angry; but when I met
him, oh, he was a nice guy, good at his job, salvageable.  There’s something
good about him.”

 

                           You heard
from their own witness, Charlie Russ, about the concept of grooming.  That is
the stock and trade of the child molester, of the pedophile.  It is—and listen
very carefully, because you are being victimized in exactly the same way—gain
your trust and violate it.  Gain your trust and then violate it.  And that’s
what they are trying to do to you. That’s what this defense is about.  They are
grooming the jury to try and have you think about anything other than the
victims in this case—

 

DEFENSE:        Judge, I object.  That
is striking at the defendant over the remarks of counsel.

 

The State responded that the argument
was invited.  The court overruled the objection.

            We assume without deciding
that the argument was improper.  See Mosley v. State, 983 S.W.2d 249,
258 (Tex. Crim. App. 1998) (“The comments in the present case are milder,
merely indicating that the defense attorneys would attempt to use argument to
divert the jury’s attention or obscure the issues.”); Graves v. State,
176 S.W.3d 422, 430 (Tex. App.—Houston [1st Dist.] 2004, no pet.); Brantley
v. State, 48 S.W.3d 318, 330 (Tex. App.—Waco 2001, pet. ref’d); but cf.
Pope v. State, 161 S.W.3d 114, 126-27 (Tex. App.—Fort Worth 2004) (finding
similar remarks “were not suggestive of bad faith or insincerity on the part of
opposing counsel, but were responsive to arguments of the defense and therefore
not improper”), aff’d, 207 S.W.3d 352 (Tex. Crim. App. 2006).

            To determine whether this
error requires reversal, we consider: (1) the severity of the misconduct; (2)
the measures adopted to cure the misconduct; and, (3) the certainty of the
punishment assessed absent the misconduct.  See Archie v. State,
221 S.W.3d 695, 700 (Tex. Crim. App. 2007); Martinez v. State, 17 S.W.3d
677, 692-93 (Tex. Crim. App. 2000); Searcy v. State, 231 S.W.3d 539, 548
(Tex. App.—Texarkana 2007, pet. ref’d).

            The challenged argument was
at worst mildly inappropriate, so the first factor does not weigh heavily in
Lancaster’s favor.  See Mosley, 983 S.W.2d at 260; Graves,
176 S.W.3d at 430; Brantley, 48 S.W.3d at 331.  The second factor does
not come into play because the court merely overruled Lancaster’s objection, so
this factor weighs in his favor.  See Brantley, 48 S.W.3d at 331. 
Regarding the third factor, the jury assessed the maximum punishment for each
count.  However, Lancaster pleaded guilty to each count, and the State
presented overwhelming evidence of his guilt in addition to extraneous-offense
evidence revealing his guilt of numerous similar offenses for which he was not
indicted.  Thus, the third factor weighs heavily in favor of the State because “it
is likely that the same punishment would have been assessed regardless of the
improper [argument].”  Archie, 221 S.W.3d at 700 (quoting Archie v.
State, 181 S.W.3d 428, 432 (Tex. App.—Waco 2005)); see Martinez, 17
S.W.3d at 693; Mosley, 983 S.W.2d at 260; Searcy, 231 S.W.3d at
550.

            Given the mildness of the
challenged argument and the overwhelming evidence supporting the punishment
assessed, we hold that any error was harmless.  See Martinez, 17
S.W.3d at 694; Mosley, 983 S.W.2d at 260; Searcy, 231 S.W.3d at
550.  Accordingly, we overrule Lancaster’s fourth point.

Judgments Nunc Pro Tunc

            Lancaster contends in his
fifth point[13]
that his right to due process was violated by the court’s entry of judgments
nunc pro tunc without notice or an opportunity to be heard.  He claims in his
sixth point[14]
that the court’s entry of the judgments nunc pro tunc constitutes the erroneous
alteration of his sentences after he had commenced serving them.  We address
these in reverse order.

            At issue are Lancaster’s
sentences for five counts of indecency by contact, a single count of indecency
by exposure, and a single count of criminal solicitation.  The court ordered
that Lancaster’s sentences for indecency by exposure, criminal solicitation,
and one count of indecency by contact run concurrently beginning with the date
of imposition of sentence, November 19, 2007.  The sentences for the other four
counts of indecency by contact were to run consecutively thereafter.

            The court signed the judgments
on November 28.  These judgments recited the concurrent and consecutive
sentences by specifying the cause numbers and counts which were to run concurrently
or consecutively.  For example, the judgment in trial court cause no.
07-01491-CRF-272 provided in pertinent part:

The Court ORDERS that the sentence in
this conviction shall run concurrently with the following judgments and
sentences: Brazos County cause number 07-01489-CRF-272 (Count One), with the
date of sentence imposed being November 19, 2007; and Brazos County cause
number 07-01489-CRF-272 (Count Two), with the date of sentence imposed being
November 19, 2007.

 

            On January 2, 2008, the
court signed judgments nunc pro tunc for each count, specifying the offense of
conviction for each cause number recited in the concurrent/consecutive
sentencing paragraph.  For example, the judgment nunc pro tunc in trial court
cause no. 07-01491-CRF-272 provided in pertinent part:

The Court ORDERS that the sentence in
this conviction shall run concurrently with the following judgments and
sentences: Brazos County cause number 07-01489-CRF-272 (Count One), for the
offense of Criminal Solicitaion [sic] of a Minor and with the date of sentence
imposed being November 19, 2007; and Brazos County cause number
07-01489-CRF-272 (Count Two), for the offense of Indecency with a Child by
Sexual Contact and with the date of sentence imposed being November 19, 2007.

 

            Lancaster’s sixth point
depends on his underlying contention that the cumulation orders in the original
judgments signed in November 2007 were ineffective.  As the argument goes,
because the cumulation orders were ineffective, his sentences ran concurrently,
and the trial court had no authority to correct the ineffective cumulation
orders after he began serving his sentences.  However, we reject the underlying
premise.

            The Court of Criminal
Appeals has identified five recommended elements for a cumulation order:
(1) the cause number of the prior conviction; (2) the name of the trial court
where the prior conviction was taken; (3) the date of the prior conviction; (4)
the term of years of the prior conviction; and (5) the nature of the prior
conviction.  Williams v. State, 675 S.W.2d 754, 763-64 (Tex. Crim. App.
1984); Strahan v. State, 306 S.W.3d 342, 352 (Tex. App.—Fort Worth 2010,
pet. filed).  The purpose of these elements is to enable prison authorities to
know how long to detain the inmate.  Williams, 675 S.W.2d at 764; Strahan,
306 S.W.3d at 351-52.

            The elements are not
mandatory so long as the judgment is “’substantially and sufficiently specific,’
. . . to give notice both to the defendant and to the Department of Corrections
exactly which sentences the instant sentence is cumulated with.”  Williams,
675 S.W.2d at 764 (quoting Ex parte Lewis, 414 S.W.2d 682, 683 (Tex.
Crim. App. 1967)); accord Strahan, 306 S.W.3d at 351-52.  In fact, “a
cumulation order which refers only to a prior cause number is sufficient if the
order is entered in the same court as the sentence to which it is made
cumulative.”  Williams, 675 S.W.2d at 764; see Greer v. State,
No. 03-07-00447-CR, 2008 WL 2938795, at *2 (Tex. App.—Austin July 31, 2008,
pet. ref’d) (not designated for publication); Holder v. State, No.
11-01-00363-CR, 2002 WL 32344923, at *1 (Tex. App.—Eastland Oct. 10, 2002, no
pet.) (per curiam) (not designated for publication).

            Here, the cumulation orders
in the November 2007 judgments contained essentially two of the five
recommended elements: (1) the cause number of the prior conviction; and (2) the
date of the prior conviction.  Although the cumulation orders do recite the
county of the prior conviction, they do not name the particular district court[15]
where the prior conviction was obtained.  However, because all of Lancaster’s
convictions were obtained in the 272nd District Court of Brazos County, the
recitation of the cause numbers of the prior convictions is all that was
required to make the cumulation orders sufficiently specific.  Id.  Therefore, because the original cumulation orders were
sufficiently specific, the trial court’s decision to add more specificity by
judgments nunc pro tunc after Lancaster began serving his sentences did not
constitute an alteration of the sentences.  Thus, we overrule Lancaster’s sixth
point.

            Lancaster contends in his
fifth point that his right to due process was violated by the court’s entry of
the judgments nunc pro tunc without notice or an opportunity to be heard.  We
addressed a similar contention in Popp v. State, No. 10-03-00263-CR,
2004 WL 2306635 (Tex. App.—Waco Oct. 13, 2004, pet. ref’d) (not designated for
publication).

The purpose of a nunc pro tunc order is
to have the court records correctly reflect a judgment actually rendered by the
trial court.  See Jones v. State, 795 S.W.2d 199, 202 (Tex. Crim. App. 1990);
McGinnis v. State, 664 S.W.2d 769, 770 (Tex. App.—Amarillo 1983, pet.
ref’d).  The Court of Criminal Appeals has said, that before any unfavorable
nunc pro tunc orders are entered, the person convicted should be given an
opportunity to be present for the hearing and represented by counsel, in order
to accord him due process of law.  Shaw v. State, 539 S.W.2d 887, 890
(Tex. Crim. App. 1976).  But more recently, the Court has said that if the
trial court properly changed the order, remanding for a hearing would be a “useless
task.”  Homan v. Hughes, 708 S.W.2d 449, 454-455 (Tex. Crim. App. 1986).

 

Id., 2004 WL 2306635, at *1.

            Sending these appeals back
to the trial court for a hearing would be a “useless task.”  See Homan,
708 S.W.2d at 454-55; Popp, 2004 WL 2306635, at *2.  Thus, we overrule
Lancaster’s fifth point.

We affirm the judgments.

 

FELIPE REYNA

Justice




Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

(Chief
Justice Gray concurs in the Court’s judgment to the extent it affirms the trial
court’s judgment.  A separate opinion will not issue.)

Affirmed

Opinion
delivered and filed May 26, 2010

Publish

[CRPM]









[1]
              Lancaster pleaded
guilty to the following: (1) trial court cause no. 07-01490-CRF-272 (appellate
cause no. 10-08-00026-CR)—2 counts of indecency by contact; (2) trial court
cause no. 07-01489-CRF-272 (appellate cause no. 10-08-00058-CR)—1 count of
criminal solicitation and 3 counts of indecency by contact; and (3) trial court
cause no. 07-01491-CRF-272 (appellate cause no. 10-09-00156-CR)—1 count of
indecency by exposure.

 





[2]
              Lancaster was
charged in trial court cause no. 07-01490-CRF-272 (counts 1 & 4) (appellate
cause no. 10-08-00026-CR) with 2 counts of promotion of child pornography. 
These charges were severed from the 2 counts of indecency by contact referenced
in note 1 and tried together with 100 counts of possession of child pornography
which we address in a separate opinion being issued on the same date as this
opinion in appellate cause nos. 10-08-00025-CR, 10-08-00027-CR, 10-08-00028-CR,
10-08-00029-CR, and 10-08-00030-CR.

 





[3]
              Lancaster filed 2
separate briefs in appellate cause no. 10-08-00026-CR.  One addresses his
convictions under counts 2 and 3 for indecency by contact, to which he pleaded
guilty, and the other addresses his convictions under counts 1 and 4 for
promotion of child pornography, for which he was separately tried.

 





[4]
              The seven points we
have identified assimilate the points raised in Lancaster’s briefs.  We will
address the points as we have renumbered them here.  As we address each point,
we will indicate how Lancaster has numbered the point in his briefs (e.g.,
point one in cause no. 10-08-00058-CR).





[5]
              Lancaster’s first
point as renumbered consists of: (1) the first point in his brief in cause no.
10-08-00026-CR challenging the indecency by contact convictions; (2) the second
point in his other brief in cause no. 10-08-00026-CR challenging the promotion
of child pornography convictions; and (3) the first point in his brief in cause
no. 10-08-00058-CR.





[6]
              Both indictments
alleged that these offenses were committed “on or about December 31, 2006.” 
However, the State is not bound by the date alleged in the indictment so long
as the evidence establishes that the offense was committed before the
presentment of the indictment but within the limitations period.  Sledge v.
State, 953 S.W.2d 253, 255-56 (Tex. Crim. App. 1997); Lane v. State,
174 S.W.3d 376, 386 n.12 (Tex. App.—Houston [14th Dist.] 2005, pet. ref’d).

 





[7]
              There is no
testimony in the record regarding how long the shopping trip lasted.  K. M.’s
mother testified that they met Lancaster and the children at a restaurant for
dinner that evening.





[8]
              We need not
determine whether a defendant may be prosecuted both for indecency by contact
and promotion of child pornography for a single video recording depicting the
defendant engaging in sexual contact with a child because the record in this
case contains video recordings of multiple instances of sexual contact.

 





[9]
              Lancaster’s second
point as renumbered consists of: (1) the second point in his brief in cause no.
10-08-00026-CR challenging the indecency by contact convictions; (2) the third
point in his other brief in cause no. 10-08-00026-CR challenging the promotion
of child pornography convictions; and (3) the second point in his brief in
cause no. 10-08-00058-CR.

 





[10]
            This is the third
point in Lancaster’s brief in cause no. 10-08-00058-CR.





[11]
            This is the first
point in Lancaster’s brief in cause no. 10-08-00026-CR challenging the
promotion of child pornography convictions.

 





[12]
            Lancaster’s fourth
point as renumbered consists of: (1) the third point in his brief in cause no.
10-08-00026-CR challenging the indecency by contact convictions; (2) the fourth
point in his brief in cause no. 10-08-00058-CR; and (3) the first point in his
brief in cause no. 10-09-00156-CR.





[13]
            Lancaster’s fifth
point as renumbered consists of: (1) the fourth point in his brief in cause no.
10-08-00026-CR challenging the indecency by contact convictions; (2) the fifth
point in his brief in cause no. 10-08-00058-CR; and (3) the second point in his
brief in cause no. 10-09-00156-CR.

 





[14]
            Lancaster’s sixth
point as renumbered consists of: (1) the fifth point in his brief in cause no.
10-08-00026-CR challenging the indecency by contact convictions; and (2) the
sixth point in his brief in cause no. 10-08-00058-CR.





[15]
            Brazos County has
three district courts.